Day, J.
 

 This is an original action, in
 
 quo warranto
 
 filed in this court by F. E. Cherrington, as prosecuting attorney of Gallia county, Ohio, seeking to test the legality of the existence of the municipal court of the city of G-allipolis, and the right of the defendant, John 'C. Hutsinpiller, to exercise judicial authority as judge of such municipal court.
 

 The petition filed herein recites, in substance, that the city of Gallipolis is a municipal corporation organized and existing under the laws and Constitution] of Ohio, and is known as a home
 
 *469
 
 rule or charter city, having adopted a charter in the year 1917 by a vote of its electors; that the charter so adopted originally created the office of city solicitor and municipal judge; that the charter called for the election of three commissioners, who are the legislative body of the city; that by the provisions of the original charter the city solicitor was an elective officer and was
 
 ex officio
 
 judge of the municipal court; and that in the year 1920 the charter was amended, and separated the offices of city solicitor and municipal judge, making both of these offices appointive, to be filled by the city commission.
 

 The petition further shows that in January, 1922, the defendant, the present incumbent of the municipal court, was duly appointed by the city commission; that he gave bond, took the oath of office, entered upon the discharge of his duties as such municipal judge, and has been continuously acting as such up to the present time. The petition further states that the municipal judge is holding his office unlawfully, for the reason that the city commission was not empowered to appoint a judge, and that the office should be filled by election, and asks that the present incumbent be ousted.
 

 To this petition the defendant filed a demurrer on the ground that the petition does not state facts sufficient to constitute a cause of action.
 

 Among the sections of the city charter, No. 20 provided for the election of a city solicitor, and No. 21 provided that the city solicitor should be the judge of the municipal court in said city of Gallipolis, and that he should have all judicial powers now granted mayors of cities under the general laws and the Constitution of the state of
 
 *470
 
 Ohio, and all that should thereafter be granted, either by statute, or ordinance of the city commission. Thereafter, to wit, May 8, 1920, Sections 20 and 21, were amended and supplemented by an ordinance duly passed by the city commission, and these amendments were ratified by the people at a special election held Tuesday, August 10, 1920. At the same time Section 21a was also passed and adopted as an amendment to said charter.
 

 Section 21a of the charter provides:
 

 “The city commission shall have power to select some suitable elector and a resident of said city to be judge of the municipal court in and for said city of Grallipolis, Ohio, and said judge shall have all judicial powers now granted mayors of cities under the general laws and Constitution of the state of Ohio, and all powers that may hereafter be granted by statute of the state or by ordinance of the city commission.
 

 “That said original Sections 20 and 21 of the charter of the city of Grallipolis, Ohio, be and they are hereby repealed by the adoption of the aforesaid amendments by the electors of the city of Grallipolis, Ohio.”
 

 To recapitulate, it will be noted that originally the charter created the office of municipal judge with such jurisdiction as police judges usually have, and that the city solicitor was an elective officer and
 
 ex officio
 
 judge of the municipal court. The amendment separated the offices of city solicitor and municipal judge, making them both appointive.
 

 It is admitted that defendant, John C. Hutsinpiller, was duly appointed by the city commission as municipal judge of the city of Grallipolis. This brings us then to the basic question in this case:
 
 *471
 
 Has the municipal court of Gallipolis a legal existence, and, if it has, can the charter of the city provide for the appointment of a judge rather than his election by the people?
 

 A court is an instrumentality and an incident to sovereignty and is the repository of its judicial power. It is the agency of the state by means of which justice is administered, and is that entity in the government to which the public administration of justice is delegated and committed.
 

 To determine whether the municipal court of the city of Gallipolis is thus authorized by the sovereign power of the state we turn to the Constitution itself. Section 1, Article IV thereof, provides:
 

 “The judicial power of the state is vested in a Supreme Court, courts of appeals, courts of common pleas, courts of probate, and such other courts inferior to the courts of appeals as may from time to time be established by law.”
 

 And Section 10, Article IV, provides:
 

 “All judges, other than those provided for in this Constitution, shall be elected by the elector's of the judicial district for which they may be created, but not for a longer term of office than five years.”
 

 In considering and construing this exercise of power in the creation of a court and the selection of a judge to preside thereover reference must be made to Section 3, Article XVIII, which provides:
 

 “Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws.”
 

 
 *472
 
 It is urged on behalf of the defendant that this authority of municipalities to exercise
 
 “all powers of local self-government”
 
 carries with- it a sovereign power in itself, and that the creation of a court is one of the incidents thereto, especially if construed with reference to matters pertaining to purely local affairs.
 

 The sovereign power in this state abides with the people of the state, and not with the subdivisions thereof, and the highest expression of this power is found in the Constitution itself, being that body of rules, regulations, and political canons in accordance with which the powers of sovereignty are to be habitually exercised.
 

 The right to exercise judicial authority as an incident to its sovereignty the state has, by Section 1, Article IV, vested in the courts therein named, and ‘' such other courts inferior to the courts of appeals as may from time to time be established by law.” Prior to the adoption of the amendments to the Constitution of 1912, to wit, in the Constitution of 1851, this section of the Constitution read, “such other courts * * * as the General Assembly may, from time to time, establish,” and such was likewise the substance of the language of the Constitution of 1802.
 

 It is argued that the amendments to the Constitution in 1912 thus took from the General Assembly the exclusive power to establish courts inferior to courts of appeals, and by implication granted to municipalities power to establish courts inferior to the courts of appeals, as they saw fit, as an incident to the power of local self-government granted to municipalities under Section 3, Article XVIII.
 

 
 *473
 
 This is a construction with which we cannot agree, for it allows, by implication only, the municipalities of the state the freedom to exercise this incident of sovereignty, to wit, creation of courts. A power so extraordinary and vital should not rest upon any less foundation than express grant- or clear and necessary implication, and we find neither in the Constitution. The change in the phraseology from “as the General Assembly may, from time to time, establish,” as provided in the Constitution of 1851, to the expression “be established by law,” as appears in the amendments of the Constitution, of 1912, is to be construed as conveying no change of meaning, to wit,, that courts shall be created by the exercise of the sovereign power by the lawmaking body, to wit, the General Assembly of the state.
 

 “The duty of providing courts of justice is a governmental function of the state, and the authority to establish a court must emanate from the supreme power of the state, otherwise the court itself is an absolute nullity, and all its proceedings are utterly void. No person can, in the absence of authority at law, create a court and preside over the same as judge; nor can any judge hold a court which is unconstitutional in its organization. In the United States the state Constitutions usually create certain courts and confer on them designated powers, and such courts proceed directly from the sovereign will and constitute a coordinate and independent department of the government.” 15 Corpus Juris, p. 854.
 

 The judicial power of the state is distinct from the executive and the legislative, and as one of the highest elements of sovereign power can only
 
 *474
 
 be created in strict conformity to tbe manner indicated by tbe rules laid down in tbe expression given to sovereignty by the people themselves, to wit, the Constitution. This judicial power has been cared for by the organic law, and is beyond the control of municipalities, which, after all, are only agents of the state for local governmental purposes. Section 1, Article IV, is a special provision of the Constitution that has to do with the creation of courts, and as such supersedes the general power of local self-government, as granted in Section 3, Article XVIII.
 

 After all, no power of local self-government in the municipality is interfered with by this denial of the power to create courts'. All the executive, legislative, proprietary, and general governmental powers incident to municipal government may still be exercised, and legal rights, arising under state law and municipal ordinance, be measured by local judges sitting in courts created under constitutional sanction, applicable alike to
 
 all
 
 municipalities of the state. The power of local self-government under such a court can be as well exercised as under a court created by local charter. It is the law that is to be construed and interpreted, and it is the same in any court, but the court itself can only be created by the power authorized by the Constitution. Local self-government does not extend so far as to override plain constitutional limitations. Even the Legislature cannot create a court by mere majority, but by Section 15, Article IV, a two-thirds vote is required, thus indicating the care to be exercised in creating a court.
 

 We are, therefore, of opinion that no power
 
 *475
 
 exists in the municipalities of this state by their own fiat, by charter or otherwise, to create a court or courts, and thus seek to exercise the judicial power in contravention of Section 1, Article IV, of the Constitution.
 

 This conclusion requires us to overrule the demurrer to the petition, but in view of the fact that counsel have argued and briefed at length the question of the right to appoint a judge, instead of electing one, we have reached the conclusion that under Section 10, Article IV, all judges of courts in this state “shall be elected by the electors of the judicial district for which they may be created.” Except, therefore, for the purpose of filling vacancies, as provided by law, there is' no legal or constitutional power by which a judge may be appointed in this state. See
 
 Hilton
 
 v.
 
 State ex rel.,
 
 108 Ohio St., 233, 238, 140 N. E., 681.
 

 In view of the conclusion reached, it follows that the demurrer to the petition must be overruled, and it being apparent that our decision of the basic question goes to the right of the creation of the municipal court by charter of the city of Grallipolis, no further issue could be made by answer. The judgment of ouster as prayed for in the petition must, therefore, be granted.
 

 Judgment of ouster.
 

 Marshall, C. J., Jones, Matthias, Allen and Robinson, JJ., concur.
 

 Kinkade, J., not participating.