Weygandt, C. J.
 

 The first question presented is whether the relatrix has mistaken her remedy in asking relief in the form of a writ of prohibition.
 

 This court is of the view that there is little difference between the principles involved in this case and in the cases of
 
 State, ex rel. Patton,
 
 v.
 
 Myers, Secy. of State, ante,
 
 95, 186 N. E., 872, and
 
 State, ex rel. Donnelly,
 
 v.
 
 Myers, Secy. of State, ante,
 
 104, 186 N. E., 918. It is of course true that in the latter cases the respondent was the secretary of state, instead of a board of elections ; but it is equally apparent that in many respects a board of elections exercises authority similar to that
 
 *206
 
 of the secretary of state. That is the situation in the instant case.
 

 The second question presented involves the validity and operation of the charter and the nature of the office of judge of such police court.
 

 It is the contention of the relatrix that all the provisions of Article VI of the Charter are inoperative and unconstitutional, by reason of the decision of this court in the case of
 
 State, ex rel. Cherrington, Pros. Atty.,
 
 v.
 
 Hutsinpiller,
 
 112 Ohio St., 468, 147 N. E., 647, to the effect that municipalities of this state have no power, by charter or otherwise, to create courts, inasmuch as such exercise of power contravenes Sections 1 and 10 of Article IV of the Constitution of Ohio. With this view the respondents are in accord, but they insist that the situation is controlled by the general provisions of Article VII of the Charter, relating to the nomination and election of candidates for any elective office. The exact language is as follows: “Candidates for any elective office shall be nominated only by petition.” This article contains the further provision that such petition shall not be signed by any electors more than sixty days prior to the day of such election, and such petition shall be filed with the election authorities prescribed by general law not less than forty days previous to the day of such election. However, it is contended by the relatrix that these general provisions of the charter are inapplicable, and that the situation is controlled by the general provisions of the statutes relating to elections. Section 4785-92, General Code, requires that: “Nominating petitions of candidates shall be filed with the same election authorities as is provided for the filing of declaration of candidacy, not
 
 later than 6:30 p. m. on the sixtieth day prior
 
 to the date of election.”
 

 The five candidates involved in this action have filed their nominating petitions under the charter, and are
 
 *207
 
 not entitled to have their names placed on the ballot if the statutory provisions apply.
 

 That municipalities in this state have authority to provide by charter for the nomination of their elective officers requires no other citation of authority than the frequently cited case of
 
 Fitzgerald et al., Board of Deputy State Supervisors, etc.,
 
 v.
 
 City of Cleveland,
 
 88 Ohio St., 338, 103 N. E., 512, Ann. Cas., 1915B, 106. In paragraph 2 of the syllabus appears the following language:
 

 “Under Sections 3 and 7, Article XVIII, as so amended, municipalities are authorized to determine what officers shall administer their government, which shall be appointed. and which elected, that the nomination of elective officers shall be made by petition by a method prescribed, and elections shall be conducted by the election authorities prescribed by general laws.”
 

 Likewise, in the case of
 
 State, ex rel. Taylor,
 
 v.
 
 French,
 
 96 Ohio St., 172, 117 N. E., 173, Ann. Cas., 1918C, 896, the second paragraph of the syllabus contains the following statement: “The Constitution itself having by Article XVIII committed to any municipality the power to frame and adopt a charter for its government and to exercise thereunder all powers of local self-government, subject to the limitations expressed in that article, a provision in the charter of a municipality, adopted in full compliance with the article referred to, which confers upon women the right to vote for all municipal elective officers and to be appointed or elected to and hold any municipal office provided for in such charter, is valid.”
 

 Furthermore, in the case of
 
 State, ex rel. Frankenstein,
 
 v.
 
 Hillenbrand,
 
 100 Ohio St., 339, 126 N. E., 309, Judge Robinson used the following clear and inescapable language: “Whatever difficulty this court may have encountered in accurately designating the subjects comprehended in ‘local self-government,’ as contradistinguished from ‘local police, sanitary and
 
 *208
 
 other similar regulations/ it has had no difficulty in arriving at the conclusion that the qualification, duties and manner of selection of officers, purely municipal, come within the purview of the provision granting a city ‘local self-government.’ ” Then follows more than a page of discussion in which he cites, quotes and approves the
 
 Fitzgerald case, supra.
 

 In paragraph 1 of the syllabus the rule is summarized as follows: “Section 7 of Article XVIII of the Constitution of Ohio vests in cities adopting a charter the power to prescribe the manner of the selection of their own purely municipal officers.”
 

 It is worthy of note that among the judges who concurred in this unanimous decision was Judge Donahue, who dissented in the
 
 Fitzgerald case, supra.
 

 When it is remembered that the broad language of Article VII of the Charter requires candidates for
 
 any
 
 elective office to be nominated
 
 only
 
 by petition, there can be no doubt as to its application to all elective officers, including police judge. However, the relatrix insists that the provision is inapplicable because a police judge is a state and not a municipal officer. She lays particular stress upon the fact that the court here involved is now a creature of the statute. Neither she nor the respondents cite Ohio authority with reference to this contention. Nevertheless, in 28 Ohio Jurisprudence, 302, appears the statement that “a judge of a municipal court is a municipal and not a state officer.” Likewise in the case of
 
 State, ex rel. Thompson,
 
 v.
 
 Wall, Dir. of Finance,
 
 17 N. P. (N. S.), 33, 28 O. D. (N. P.), 631, it was held that a judge of a municipal court is a municipal and not a state officer. Of course this is a decisión of a
 
 nisi prius
 
 court, but the cogency of its reasoning and the recognized authorities upon which it relies entitle it to consideration, especially, in view of the fact that the judgment was. affirmed by the Court of Appeals. Of the same import are two decisions cited by the
 
 *209
 
 respondents. In the case of
 
 Franklin
 
 v.
 
 Westfall,
 
 273 Ill., 402, 112 N. E., 974, it was held that a judge of a city court is an officer of the city, as distinguished from a state or county officer. In
 
 Buckner
 
 v.
 
 Gordon,
 
 81 Ky., 665, a police judge was held to he a city officer whose election was governed hy the charter.
 

 In conformity with the foregoing views the writ is denied.
 

 Writ denied.
 

 Allen, Stephenson, Bevis and Zimmerman, JJ., concur.
 

 Jones and Matthias, JJ., concur in propositions 1 and 2 of the syllabus, but dissent from propositions 3 and 4, and from the judgment.