Hart, J.
 

 The writ of mandamus must be denied in case No. 27794 for the reason that the same issues, involving the same parties, were presented to the Court of Appeals of Cuyahoga county, and, on hearing by that court, determined adversely to the relators. No appeal from the judgment and order of that court has been taken, and the doctrine of
 
 res judicata
 
 applies. Furthermore, mandamus cannot be invoked to sub-serve the purpose of an appeal. 25 Ohio Jurisprudence, 1013, Section 34;
 
 State, ex rel. Cook,
 
 v.
 
 Ottinger, Clerk,
 
 43 Ohio St., 457, 3 N. E., 298.
 

 Aside from this issue, there is presented in cases Nos. 27794 and 27796, the further question as to within what time nominating petitions for judge of the Munie
 
 *23
 
 ipal Court of the city of Cleveland must be filed. The office in question was created by the Municipal Court Act of the city of Cleveland, being Section 1579-1
 
 et seq.,
 
 General Code. Section 1579-5, relating to the nomination of municipal judges by petition, provides in part:
 

 “The judges of the Municipal Court including the chief justice shall be nominated by petition. Such petition shall be signed by at least twenty-five hundred electors of the city of Cleveland. It shall be in general form and shall be signed, verified and filed in the manner and
 
 %vithin the time required by law for nominating petitions of other nominees for public office in the city of Cleveland.”
 
 (Italics ours.)
 

 Incidentally, in the case of
 
 State, ex rel. Stanley,
 
 v.
 
 Bernon et al., Board of Elections of Cuyahoga
 
 County, 127 Ohio St., 204, 187 N. E., 733, this court held that under Sections 3 and 7 of Article XVIII of the Constitution of Ohio, municipalities have authority to provide by charter for the nomination of their elective officers.
 

 The “other nominees for public office in the city of Cleveland,” referred to in Section 1579-5, General Code, must be the mayor and members of the city council who are the only officers whose nomination and election are specifically referred to and provided for in the municipal charter of the city of Cleveland. Section 3 of the Cleveland city charter provides that “a general election for the choice of elective officers provided for in this charter shall be held on the first Tuesday after the first Monday in November in odd numbered years.” Section 4 of the charter provides that ‘ ‘ candidates for all offices to be voted for at any municipal élection under the provisions of this charter shall be nominated at a non-partisan primary election to be held on the fifth Tuesday prior to such municipal election,” which, in 1939, was October 3. Section 8 of the charter provides that “all * * * papers comprising
 
 *24
 
 a nominating petition shall be * * * filed with the election authorities *
 
 *
 
 * at least forty days prior to the day of the primary election,” which, in 1939, was August 23. This date, under the charter, is clearly the date on or before which “nominating petitions of other nominees for public office in the city of Cleveland” (Section 1579-5, General Code), must be filed for the 1939' general election.
 

 The relators claim that this matter is governed by Section 4785-92, General Code, which provides that nominating petitions of candidates shall be filed with the election authorities not later than the sixtieth day prior to the date of election, which was September 8 in this year. This court does not concur in this view, but holds that the provisions of Section 1579-5, General Code, and the provisions of the charter of the city of Cleveland, above noted, are controlling.
 

 Since there were no objections or protests filed within the time fixed by Section 4785-92, General Code, to the petitions of the other candidates named in relator’s petition in case No. 27797, and since the petitions in question substantially comply with the statutory and charter provisions relating to nominating petitions, the relator in the last named case is not entitled to the relief prayed for by him.
 

 The writ of mandamus is denied in case No. 27794; the judgment of the Court of Appeals is affirmed in case No. 27796; and the writ of prohibition is denied in case No. 27797.
 

 Writ denied in cause No. 27794.
 

 Judgment affirmed in cause No. 27796.
 

 Writ denied in cause No. 27797.
 

 Weygandt, C. J., Day, Zimmerman, Williams and Matthias, JJ., concur.
 

 Myers, J., not participating.