Williams, J.
 

 The sole question is whether a member of a police department whose removal for cause has been affirmed by the civil service commission of the municipality has a right of appeal from the decision of the commission to the Court of Common Pleas.
 

 It has been held by this court that civil service generally is a matter of municipal concern and therefore subject to regulation and control by the municipality.
 
 State, ex rel. Lentz et al., Civil Service Commission,
 
 v.
 
 Edwards,
 
 90 Ohio St., 305, 107 N. E., 768;
 
 Hile
 
 v.
 
 City of Cleveland,
 
 118 Ohio St., 99, 160 N. E., 621. It must be conceded, however, that the General Assembly has some control of civil service within cities by reason of Section 10, Article XV of the Constitution adopted at the same time as the home rule provisions for cities. Section 10, Article XV, reads: “Appointments and promotions in the civil service of the state, * *
 
 *
 
 and
 
 cities,
 
 shall be made according to merit and fitness, to be ascertained, as far as practicable, by competitive examinations. Laws shall be passed providing for the enforcement of this provision.” (Italics ours.)
 

 Pursuant to this authority, the General Assembly passed Section 486-17a, General Code, which governs the right to appeal from the civil service commission to the Court of Common Pleas by a member of a police department upon his removal. Even though we con
 
 *388
 
 cede that in some instances civil service is a matter of local concern, the state possesses power to legislate in regard to such service, when it is brought into play in connection with some matter of state-wide concern. Thus in dealing with matters of public health, the Legislature has power to regulate civil service with respect thereto even in municipalities.
 
 State, ex rel. Mowrer,
 
 v.
 
 Underwood et al., Civil Service Comm.,
 
 137 Ohio St., 1, 27 N. E. (2d), 773.
 

 By a series of decisions culminating in
 
 City of Cincinnati v
 
 .
 
 Gamble et al., Bd. of Trustees, ante,
 
 220, this court has definitely established the rule that matters pertaining to police protection are of statewide concern and under the control of state sovereignty. It follows that civil service as applied to the police department of a city is subject to state regulation and the statute must prevail.
 

 There is another all-powerful reason why Section 486-17» governs to the exclusion of the ordinance. Municipalities have no power to establish courts or regulate the administration of justice.
 
 State, ex rel. Cherrington, Pros. Atty.,
 
 v.
 
 Hutsinpiller,
 
 112 Ohio St., 468, 147 N. E., 647. Moreover, Section 4, Article IV of the state Constitution, provides that the jurisdiction of the Court of Common Pleas shall be fixed by law. Section 486-17», General Code, confers jurisdiction upon Courts of Common Pleas “to determine the sufficiency of the cause of removal” on appeal, and the city had no right to alter that jurisdiction by charter or ordinance. See
 
 Kearns
 
 v.
 
 Sherrill, supra,
 
 and
 
 Hawkins
 
 v.
 
 City of Steubenville,
 
 134 Ohio St., 468, 17 N. E. (2d), 641, in which neither ordinance nor city charter was involved.
 

 Since this court holds that the right of appeal is given by Section 486-17», General Code, the ordinance notwithstanding, the judgments of the Court of Common Pleas and the Court of Appeals are reversed and
 
 *389
 
 the cause is remanded to the Court of Common Pleas with instructions to overrule the motion to dismiss the appeal and to proceed further according to law.
 

 Judgment reversed and ccmse remanded.
 

 ■Weygandt, C. J., Hart, Zimmerman and Bettman, JJ., concur.
 

 Turner, J., dissents.
 

 Matthias, J., not participating.