THE STATE, EX REL. HAFFNER, *v.* GREEN ET AL.
THE STATE, EX REL. HINKLE, *v.* GREEN ET AL.

(Nos. 22983 and 22984—Decided September 21, 1953.)

*Messrs. Berger, Kirschenbaum, Friedman & Haffner,* for relators.

*Mr. C. William O'Neill,* attorney general, and *Mr. Joseph S. Gill,* for respondents.

*Per Curiam.* These cases in mandamus are filed as original actions in this court, seeking orders to compel the election board of this county to place the names of the respective relators on the primary ballot as candidates for council in their respective wards.

There is no dispute about the facts. The final day for filing nominating petitions for the office of councilman was August 20, 1953, which was the 40th day before the day of the primary elections which is to be the 29th day of September 1953. It is admitted that such nominating petitions were filed on August 20, 1953, but the time they were offered, received and marked "filed" by the election board was after 6:30 p. m. of that day.

It is the claim of respondents that by reason of Section 4785-92, General Code, effective January 1, 1952, the board of elections is without authority to receive said petitions or determine the sufficiency of the number of electors signing same, and, if sufficient, to order the candidates' names printed on the ballot, since the petitions were not filed until after 6:30 p. m., on the 40th day prior to the primary election. It is the claim of relators that, under section 8 of the Cleveland charter, which fixes the date for filing primary petitions as 40 days from the date of the primary election without specifying an hour by which filing must be made, their right to file said petitions is continuous until midnight of such date.

The Constitution of Ohio, Section 7 of Article XVIII reads:

"Section 7. Any municipality may frame and adopt or amend a charter for its government and may, subject to the provisions of section 3 of this article, exer-

cise thereunder all powers of local self-government.''

The city of Cleveland is a charter city, as provided by the Constitution. Its charter, in Section 8, in part, provides:

''All separate papers comprising a nominating petition shall be assembled and filed with the election authorities as one instrument at least forty days prior to the date of the primary election * * *.''

In the case of *State, ex rel. Stanley*, v. *Bernon et al., Bd. of Elections of Cuyahoga County,* 127 Ohio St., 204, 187 N. E., 733, paragraph three of the syllabus provides:

''Under sections 3 and 7 of Article XVIII of the Constitution of Ohio, municipalities have authority to provide by charter for the nomination of their elective officers.''

See, also, *State, ex rel. Hubbell*, v. *Zaller et al., Bd. of Election of Cuyahoga County,* 136 Ohio St., 19, at page 24, 22 N. E. (2d), 993.

Since the charter of the city of Cleveland does not fix the time of day of the fortieth day before which, or by the time of which nominating petitions must be filed, a candidate has until midnight of such day within which to file nominating petitions under the charter.

The Supreme Court of Ohio, in the case of *State, ex rel. Jones,* v. *Board of Deputy State Supervisors and Inspectors of Elections of Montgomery County,* 93 Ohio St., 14, 112 N. E., 136, in paragraph one of syllabus held:

''Under the provisions of Section 5004, General Code, the period for filing nominating petitions does not expire until the end of the sixtieth day previous to the day of election, and it is the duty of the board of deputy state supervisors of elections to provide opportunity for the presentation of such petitions up to midnight of that day.''

That case was concerned with the interpretation or construction of Section 5004, General Code, as it read prior to 1931, wherein no time of day was specified within which nominating petitions were to be filed and which, at that time, was the same as the Cleveland charter is now on this subject.

The rules of construction of a city charter are identical with those applicable to state statutes.

In *State, ex rel. Mihlbaugh,* v. *Bogart,* 73 Ohio App., 47, 53 N. E. (2d), 75, paragraph one of syllabus, provides:

"The identical rules of law applicable to the construction of statutes are applicable to the construction of municipal charters."

For the foregoing reasons, we are constrained to hold that relators are entitled to writs as prayed for.

*Writs allowed.*

HURD, P. J., KOVACHY and SKEEL, JJ., concur.