Per Curiam.

The charter of the city of Cleveland fixes the date for filing primary election petitions, as 40 days prior to the date of the primary election, without specifying any hour of such day before which the *191 filing must be made, whereas Section 4785-92, General Code, provided that “all separate petition papers comprising the nominating petition of a candidate for election at a general election shall be filed at the same time as one instrument not later than 6:30 p. m. of the 90th day before the first Tuesday after the first Monday in May immediately preceding such general election, and shall be accompanied by the written acceptance of nomination by the nominee named in such petition.”
Appellant contends that because of Section 4785-92, General Code, the board of elections was without authority to receive relator’s petition or to determine the sufficiency of the number of electors signing same and, if sufficient, to order relator’s name printed on the ballot, for the reason that such petition was not filed until after 6:30 p. m. of the 40th day prior to the primary election.
Relator contends that under section 8 of chapter III of the Cleveland charter, which fixes the date for filing primary election petitions as 40 days before the primary election, without specifying any . hour by which the filing must be made, he was given the right to file his petition at any time until midnight of such date.
The city of Cleveland is a charter city, organized in accordance with Section 7, Article XVIII of the Ohio Constitution, and section 8 of chapter III of its charter provides, inter alia, that “all separate papers comprising a nominating petition shall be assembled and filed with the election authorities as one instrument at least 40 days prior to the date of the primary election. ’ ’
It is settled that under Sections 3 and 7 of Article XVIII of the Ohio Constitution municipalities have authority to provide by charter for the nomination of their elective officers. State, ex rel. Stanley, v. Bernon et al., Board of Elections, 127 Ohio St., 204, 187 N. E., 733.
*192 Section 4785-92, General Code, containing the 6:30 p. m. deadline, by its terms referred to nominating petitions of candidates for nomination in a primary to be held the first Tuesday after the first Monday in May, which petitions must be filed not later than 90 days before such primary. That section obviously referred to petitions which are filed early in February for state, county and township offices and offices in municipalities which do not have charters.
The Cleveland charter provides for an August filing of nominating petitions for its municipal offices, and since it provides no hour deadline on the day by which the petitions must be filed, we must apply the law governing the situation as announced in the case of State, ex rel. Jones, v. Board of Deputy State Supervisors and Inspectors of Elections, 93 Ohio St., 14, 112 N. E., 136.
Paragraph one of the syllabus of that case reads:
“Under the provisions of Section 5004, General Code, the period for filing nominating petitions does not expire until the end of the sixtieth day previous to the day of election, and it is the duty of the Board of Deputy State Supervisors of Elections to provide opportunity for the presentation of such petitions up to midnight of that day.”
The foregoing case involved the interpretation of former Section 5004, General Code, wherein no time of day was specified by which nominating petitions were to be filed, just as is the ease in the present provision of the Cleveland charter.
Appellant lays great stress on section 15 of chapter III of the Cleveland charter, which provides:
“All elections provided for by this charter * * * shall be conducted by the election authorities prescribed by general law; and the provisions of the general election laws of the state shall apply to all such elections except as provision is otherwise made by this charter * * V’
*193 There is no question concerning the validity of this charter provision, but in our opinion there is a conflict between Section 4785-92, General Code, containing the 6:30 p. m. deadline applying to candidates for offices other, than those to be filled in charter cities, and the Cleveland charter provision which has no hour deadline and, therefore, permits the filing of nominating petitions until midnight of the last day set for such filing.
We are of the opinion that, since Section 4785-92, General Code, referred to nomination for offices which are not included in charter cities, since a charter city has full authority to provide for the nomination of their elective officers, and since the Cleveland city charter fixes a final day by which nominating petitions must be filed with the board of elections but sets no hour deadline on that day, relator was entitled to file his nominating petition at any time until midnight of the final day for filing.
The primary election for municipal offices in Cleveland has been held. However, the instant case has not become moot, since section 10 of chapter III of the Cleveland city charter provides that, where there are no more than two persons filing petitions for a nomination for an office, the primary election for the particular office shall not be held and those two persons shall be the candidates at the regular municipal election, and since it is agreed that relator and one other person were the only two who did file petitions for the office of councilman from the 19th ward in Cleveland.
For the reasons stated, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Middleton, Hart, Zimmerman and Stewart, JJ., concur.
Matthias, J., not participating.