**STATE, ex rel. HORVATH, Relator, v. HABER et, As Members of the Board of Elections of Cuyahoga County, Respondents.**

Ohio Appeals, Eighth District, Cuyahoga County.

No. 23649. Decided September 13, 1955.

196

Charles R. Miller, Cleveland, for relator.
Frank T. Cullitan, County Pros., Saul Danaceau, Asst. County Pros., Cleveland, for respondents.

## OPINION

By KOVACHY, PJ.

This is an original action in mandamus filed in this Court, in which the relator, an eligible elector of the City of Cleveland, seeks a writ of mandamus "ordering the Board of Elections of Cuyahoga County and the Chief Clerk thereof to reopen and accept registration and changes of registration for eligible resident electors of Cleveland, Ohio, until the tenth day preceding the October 4th, 1955, non-partisan primary election." The respondents filed a demurrer to the petition "on the ground that it does not state facts sufficient to constitute a cause of action."

The parties stipulate that the relator has a justiciable interest in the subject matter of this lawsuit; that he is a qualified elector of the City of Cleveland; that he presently is not registered to vote in the county; that the City of Cleveland is holding an election designated as "non-partisan primary election" on October 4, 1955; that the Board of Elections closed its office for registration of qualified electors of the City of Cleveland forty days preceding the date set for such election, to-wit: on August 25, 1955, in accordance with the provisions of §3503.11 R. C., relating to a "primary election"; that the Chief Clerk and then the Board refused to register him on August 26, 1955, and August 30, 1955, respectively, after he had duly presented himself on each occasion for that express purpose; and that final judgment may be rendered in the case upon the disposition of this demurrer.

The election herein designated is authorized by Section 4, Chapter 3 of the Charter of the City of Cleveland which reads:

"**Nominations**

"Candidates for all offices to be voted for at any municipal election under the provisions of this charter shall be nominated at a non-partisan primary election to be held on the fifth Tuesday prior to such municipal election."

and the Charter in Section 15 provides in part "* * * the provisions of the general election laws of the state shall apply to all such elections except as provision is otherwise made by this Charter * * *."

The definitions of the General Election Laws (§3501.01 R. C.), dealing with elections, read:

"(A) 'General Election' means any election held on the first Tuesday after the first Monday in November.

"(D) 'Special election' means any election other than the elections required to be regularly held on the day of a general or primary election, provided that a special election may also be held on the day of a general or primary election.

"(E) 'Primary' or 'primary election' means an election held for the purpose of nominating persons as candidates of political parties for election to offices, and for the purpose of electing persons as members of the controlling committees of political parties and as delegates and alternates to the conventions of political parties. Primary elections shall be held on the first Tuesday after the first Monday in May of each year."

The applicable part of §3503.11 R. C. reads:

**"Registration at board of elections.**

"Persons qualified to register or to change their registration may register or change their registration at the office of the board of elections at any time such office· is open except forty days preceding a primary or general election, or ten days preceding a special election held on a day other than a primary or general election day and ten days following a primary, general, or special election * * *."

The relator contends that, in view of the provisions in Section 15 of the Charter, that "the provisions of the general election laws of the state shall apply to all such elections," elections conducted by the City of Cleveland under its Charter fall into the classifications established by the general election laws of the state; that a primary election by state law is partisan in nature and must be held "the first Tuesday after the first Monday in May of each year"; that since the election here under consideration is non-partisan in nature, and not held on a day prescribed by state law, it necessarily falls within the category of a "special election," rather than a "primary election" because by definition, as indicated above, a "special election" is any election other than the elections required to be regularly held on the day of a general or primary election * * *"; and that as a result thereof, the board of elections is in error in not keeping its office open for registration except ten days preceding the October 4, 1955 election as provided in §3503.11 R. C. in case of a special election.

With this contention, we do not agree.

**Section 3 of Article XVIII of the State Constitution,** reads:

"Municipalities shall have authority to exercise all powers of local self-government and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are not in conflict with general laws."

Section 7 reads:

"Any municipality may frame and adopt or amend a charter for its Government and may, subject to the provisions of section 3 of this article, exercise thereunder all powers of local self-government."

1. Under these provisions of the Constitution of Ohio, the City of Cleveland has full power to provide for a non-partisan primary election for the nomination of its elective officers.

The State, ex rel. Stanley v. Bernon et al, 127 Oh St 204.

"Syllabus 3.

"Under Sections 3 and 7 of Article XVIII of the Constitution of Ohio, municipalities have authority to provide by charter for the nomination of their elective officers."

2. The non-partisan primary election, set forth in the Charter, relates to a distinctly local municipal affair and is in no way controlled or modified by primary elections defined and provided for by the general election laws.

Mulcahy v. City of Akron et al, 27 Oh Ap 442.

Syllabus 1.

A municipality, having duly adopted a charter, is empowered to regulate its local affairs in compliance with its charter provisions, except when they conflict with constitutional provisions, and, as to matters which relate to distinctly local municipal affairs and do not involve the concern of the state at large, the charter provisions and ordinances passed thereunder supersede state laws in conflict therewith."

The Supreme Court in State, ex rel. Edwards, 90 Oh St 305, states the principle of law involved as follows on page 310:

"As long as the provisions made in the Charter of any municipality with reference to its Civil Service comply with the requirements of Section 10 of Article 15 and do not conflict with any other provisions of the Constitution, they are valid and under the cases referred to discontinue the general law on the subject as to that municipality."

3. By virtue of Section 15, Chapter 3 of the Charter, §3503.11 R. C. is made a part of the Charter and the words used in such section of the code must be construed in the light of and in connection with the language employed in the Charter in order to carry out its intendment. Consequently, the expression "primary election" found in §3503.11 R. C. in effect has reference to and includes a "non-partisan primary election."

Webster's New International Dictionary, Second Edition, Unabridged, defines "primary election" as follows:

"PRIMARY ELECTION. Political Science. Frequently shortened to primary. A preliminary election at which direct nomination of candidates for office (direct primary) are made. Such elections are now generally held under State regulations rather than under party rules. They are usually held on the same day for all parties, employ the secret ballot, and select by a plurality vote. There are several types: the closed primary election, at which members of only one political party vote; the open primary election, at which voters may participate without making known their party allegiance; and the non-partisan primary election, at which the names of candidates on the ballot have no party designation." (Emphasis ours.)

We hold, therefore, that the non-partisan primary election to be held on October 4, 1955, in the City of Cleveland, is not a special election but a primary election required to be regularly held by the Charter of the City of Cleveland and comes within the purview of §3503.11 R. C., as a primary election and that, in accordance therewith, the Board of Elections of Cuyahoga County acted properly and within the law in keeping its office open for the registration and changes of registration

for eligible resident electors of the City of Cleveland except for forty days before the date set for said non-partisan primary election.

The demurrer is sustained, the petition dismissed, and judgment rendered for the respondents with costs of this action.

Exceptions. Order see journal.

SKEEL, J, HURD, J, concur.