Taft, J.,
dissenting. This cause is now before the court on the “special demurrer to petition” of the Racing Commission stating as grounds therefor that “the court has no jurisdiction of the subject of the action” and the “plaintiffs have not the legal capacity to sue”; and also on the “motion” of Columbus Trotting Association, Inc., an intervening defendant, “for an order striking from its files the petition * * * for the * * * reasons” that “the court has no jurisdiction of the subject of the action,” that “the forum is inappropriate to a determination of the issues” and “that the issue presented * * * is res adjudicate.'’
It might be inferred from paragraph two of the syllabus of the instant case that one of the reasons for' the judgment being rendered in the instant case is that the Racing Commission is not a “tribunal.” However, that reason is not suggested by anything in the opinion, probably because the actions of the commission sought to be prohibited are sufficiently quasi-judicial so that the commission may be regarded as acting as a “tribunal.” Certainly, its activity in issuing permits to conduct horse racing for a “stake, purse or award, with parimutuel or certificate type of wagering” would appear to more clearly represent the action of a “tribunal” than did the action prohibited by this court in State, ex rel. Newell, Jr., v. Brown, Secy. of State, 162 Ohio St., 147, 122 N. E. (2d), 105; State, ex rel. Smith, v. Hummell, Secy. of State, 146 Ohio St., 341, 66 N. *318 E. (2d), 111; or State, ex rel. Stanley, v. Bernon et al., Board of Elections, 127 Ohio St., 204, 187 N. E., 733.
A reading of the majority opinion discloses that the law announced in paragraph one of the syllabus and the existence of “an appropriate and adequate remedy in equity” by way of “injunction” are the only reasons given for the conclusion stated in paragraph three of the syllabus and for the judgment being rendered.
The question therefore arises whether relators here have any remedy by way of injunction. In State, ex rel. Masterson, a Taxpayer, v. Ohio State Racing Commission, 162 Ohio St., 366, 123 N. E. (2d), 1, this court held relator Masterson did not because he had no “special interest * * * by reason of which his own property rights are placed in jeopardy.” There are no allegations in the petition in the instant case that even tend to indicate that relators herein had any such “special interest.” Such special interest in a relator was unanimously held not necessary in an action in prohibition in State, ex rel. Newell, Jr., v. Brown, Secy. of State, supra (162 Ohio St., 147), where paragraph one of the syllabus reads:
“Ordinarily a person is not authorized to attack the constitutionality of a statute, where his private rights have suffered no interference or impairment, but as a matter of public policy a citizen does have such an interest in his government as to give him capacity to maintain a proper action to enforce the performance of a public duty affecting himself and citizens generally.” (Emphasis added.)
But see State, ex rel. Skilton, v. Miller, Judge, ante, 163, 128 N. E. (2d), 47, which, although difficult to reconcile with that paragraph of the syllabus, does not purport to overrule it.
Although State, ex rel. Newell, Jr., v. Brown. Secy. of State, supra (362 Ohio St., 147), was relied upon by the appellant in State, ex rel. Masterson, a Taxpayer, v. Ohio State Racing Commission, supra (162 Ohio St., 366), it is not mentioned in the report of the latter case. Some of those who concurred in the latter decision may have done so because the petition involved did not allege, as does the petition in the instant case, that relator was “a citizen.” However, if relator had alleged in that case that he was a citizen, a serious question would still *319 have remained whether cm injunction would issue, since it was not sought for the protection of property or property rights. State, ex rel. Moyer, v. Baldwin, 77 Ohio St., 532, 546, 83 N. E., 907, 19 L. R. A. (N. S.), 49; 28 American Jurisprudence, 264, Section 70. Certainly, the syllabus and opinion in State, ex rel. Masterson, a Taxpayer, v. Ohio State Racing Commission, supra (162 Ohio St., 366), indicate that an injunction would not have issued even if relator therein had alleged that he was a citizen, unless he had also alleged facts indicating that he had some “special interest * * * by reason of which his own property rights” were “placed in jeopardy.”
This is not an instance where it might reasonably be contended that this court should in its discretion deny relief because the Court of Appeals has concurrent jurisdiction in prohibition and “the purpose of the relator is primarily the enforcement or protection of purely private rights.” Cf. State, ex rel. Libbey-Owens-Ford Glass Co., v. Industrial Commission, 162 Ohio St.., 302, 123 N. E. (2d), 23; State, ex rel. Allied Wheel Products, Inc., v. Industrial Commission, 161 Ohio St., 555, 120 N. E. (2d), 421; State, ex rel. D. L. Auld Co., Inc., v. Morse et al., Industrial Commission, 161 Ohio St., 561, 120 N. E. (2d), 424. But see State, ex rel. Selected Properties, Inc., v. Gottfried, supra (163 Ohio St., 469), 475. Relators certainly are attempting to enforce public obligations affecting themselves and citizens generally. See State, ex rel. Newell, Jr., v. Brown, Secy. of State, supra (162 Ohio St., 147).
This case therefore represents a holding by this court that relief by way of prohibition should be denied relators because they have an adequate remedy in equity by way of injunction, although this same court has in effect recently held in State, ex rel. Masterson, v. Ohio State Racing Commission, supra (162 Ohio St., 366), that no such relators would have such a r'emedy.
Stewabt, J., concurs in the foregoing dissenting opinion.