Herbert, J.
The issue presented for review is simply whether the provisions of Section 172-A of the Charter of the City of Toledo shall prevail over the provisions of Section 143.27, Revised Code, or whether the statutory provisions shall control.
Section 172-A of the charter of Toledo provides as follows:
“Any person employed in the classified civil service of Toledo who is suspended, reduced in rank or dismissed, may ap *146 peal from the decision of the office issuing such order to the civil service commission within ten (10) days from and after the date of such suspension, reduction in rank or dismissal. In such event said officer shall, upon notice from the commission of such appeal, forthwith transmit to the commission a copy of the charges and proceedings thereunder. The commission shall hear such appeal within ten (10) days from and after the filing of the same with the commission, and may affirm, disaffirm or modify the judgment of the officer issuing such order and the commission’s judgment in the matter shall he final.” (Emphasis added.) See, also, Section 144 of the charter of Toledo.
Section 143.27, Revised Code, provides, in part, as follows:
“In all cases of removal, the appointing authority shall furnish such employee with a copy of the order of removal and his reasons for the same, and give such officer or employee a reasonable time in which to make and file an explanation. Such order with the explanation, if any, of the employee shall be filed with the commission. Any such employee so removed may appeal from the order of such appointing authority to the state Civil Service Commission or the municipal civil service commission, as the case may be, within ten days after the date of such removal, in which event the commission shall forthwith notify the appointing authority and shall hear, or appoint a trial board to hear, such appeal within 30 days from and after its filing with the commission, and it may affirm, disaffirm, or modify the judgment of the appointing authority, and the commission’s decision is final. In the case of the suspension, demotion or removal of a chief of police or a chief of the fire department or any member of the police or fire department of a city an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas of the county in which such city is situated. Such appeal shall be taken within ten days from the finding of the commission. ’ ’
The conflict between the charter provisions and those of the statute is clear.
It is of historical interest that, since 1866 (63 Ohio Laws, 106), dismissal of chiefs or members of the police and fire departments has been treated specially by the General Assembly. *147 In the General Code in 1910, Section 4484 provided that “the chiefs and members of the police and fire departments shall be dismissed only as provided by law and the appeal therefrom shall be made to the civil service commission under such rules as the commission may adopt.”
Section 4485, General Code, applicable to “officers and employees in the classified service,” required a report by the removing authority to the civil service commission, with specific reasons for the removal, reduction in rank, or discharge.
Section 4505, General Code, provided for an appeal to the civil service commission by any person suspended, reduced in rank or dismissed in the police or fire department, and that its judgment shall be final. There was then no special provision for appeals to a court by chiefs and members of the police and fire departments.
This situation continued until 1913, when a comprehensive act “to regulate the civil service of the state of Ohio, the several counties, cities and school districts thereof” was enacted (103 Ohio Laws, 698). Section 486-17, General Code, provided the procedure in reductions, suspensions and removals, but no right of appeal to the civil service commission was authorized. Section 486-19, General Code, provided, in part:
“If either the chief of police or chief of the fire department is so suspended the mayor forthwith shall certify such fact, together with the cause of such suspension, to the civil service commission, who within five days from the date of receipt of such notice shall proceed to hear such charges and render judgment thereon, which shall be final.”
The right to appeal to the courts by the “chief of police or chief of the fire department” was first provided in Section 486-17a, General Code, enacted in 1915 (106 Ohio Laws, 412). In 1931, this section was amended so as to extend the right of appeal to “any member of the police or fire departments” (114 Ohio Laws, 224), so that since that time the Court of Common Pleas has had jurisdiction to hear and determine any appeal from an order of removal from either of those departments.
In the Code revision of 1953, Section 486-17®, General Code, became Section 143.27, Revised Code, with minor language changes, which did not alter the appeal provisions.
*148 In 1955, this section was amended (126 Ohio Laws, 91) to read in part as follows:
“In the case of the suspension, demotion or removal of a chief of police or a chief of a fire department or any member of the police or fire department of a city an appeal on questions of law and fact may be had from the decision of the municipal civil service commission to the Court of Common Pleas of the county in which such city is situated. * * *” (Emphasized words added by amendment.)
This 1955 amendment undoubtedly resulted from the decision in the case of In re Koellner, 160 Ohio St., 504, 117 N. E. (2d), 169. Paragraph one of the syllabus in that case is as follows:
“Under Section 486-17a, General Code (Section 143.27, Revised Code), a police captain, who appeals to the Court of Common Pleas from a decision of a civil service commission demoting him to the rank of detective, is not entitled to a hearing de novo in the Court of Common Pleas. (Sorge v. Sutton, Jr., Dir., 159 Ohio St., 574, approved and followed.)”
Thus, the jurisdiction of the court was extended to permit appeals from orders of suspension or demotion and also to provide virtually for de novo proceedings by authorizing appeals on questions of law and fact. (A subsequent amendment of this section in 128 Ohio Laws, H. B. 794, effective in 1959, is not pertinent to this case.)
The city of Toledo cites and relies substantially on the decision of this court in the case of State, ex rel. Canada, v. Phillips, Dir., 168 Ohio St., 191, 151 N. E. (2d), 722. The officer, plaintiff below, relies primarily on the case of In re Fortune, 138 Ohio St., 385, 35 N. E. (2d), 442.
In the Canada case, there was a conflict between provisions of the Charter of the City of Columbus and provisions of Section 143.34, Revised Code, relating to appointments and promotions. This court upheld the local self-government power of the city with reference to those provisions.
In the Fortune case, a member of the police department of the city of Cleveland Heights was discharged by the city manager for drunkenness while in the performance of his duty. Upon his appeal to the civil service commission of that city, the *149 commission approved and affirmed the action of the city manager. Thereupon the police officer took an appeal to the Court of Common Pleas of Cuyahoga County. The civil service commission of that city filed a motion to dismiss the appeal on the ground that ordinance No. 68-1932, previously passed pursuant to a provision of the charter of that city, provided that the decision of that civil service commission should be final. In the Fortune case we had an ordinance of a city. In this case we have a charter provision of a city.
The syllabus in the Fortune case is as follows :
“A member of a police department, who appeals to the civil service commission of the municipality after removal from his position for cause, may, by virtue of Section 486-17a, General Code, appeal to the Court of Common Pleas of the county in which the municipality is situated, notwithstanding an ordinance of such municipality provides that in such instances the decision of the commission shall be final. ’ ’
In our view, there is no conflict between the decision in the Fortune case and the decision in the Canada case. In his opinion in the Fortune case, Williams, J., stated what he termed an all-powerful reason why the statutes should govern to the exclusion of the ordinance, in these words:
“Municipalities have no power to establish courts or regulate the administration of justice. State, ex rel. Cherrington, Pros. Atty., v. Hutsinpiller, 112 Ohio St., 468, 147 N. E., 647. Moreover, Section 4, Article IY of the state Constitution, provides that the jurisdiction of the Court of Common Pleas shall be fixed by law. Section 486-17a, General Code, confers jurisdiction upon Courts of Common Pleas ‘to determine the sufficiency of the cause of removal’ on appeal, and the city had no right to alter that jurisdiction by charter or ordinance.”
It may be noted that the language, “to determine the sufficiency of the cause of removal,”.which formerly appeared in Section 486-17a, General Code, and Section 143.27, Revised Code, was deleted in the 1955 amendment which provided for an appeal ‘ ‘ on questions of law and fact. ’ ’
It is now settled by the decisions of this court that the authority granted to municipalities by Section 3 of Article XV1I1, Ohio Constitution, to “exercise all powers of local self-govern *150 ment and to adopt and enforce within their limits such local police, sanitary and other similar regulations, as are .not in conflict with general laws” and, by Section 7 of Article XV1I1, to “frame and adopt or amend a charter for its government and * * * exercise thereunder all powers of local self-government” does not include the power to regulate the jurisdiction of courts established by the Constitution or by the General Assembly thereunder.
In the case of State, ex rel. Ramey, v. Davis et al., County Commrs., 119 Ohio St., 596, 165 N. E., 298, this court held, in the syllabus, as follows:
“1. The sovereignty of the state in respect to its courts extends over all the state, including municipalities, whether governed by charter or general laws.
“2. None of the various provisions of Article XVIII of the Constitution of Ohio are effective to abridge the sovereignty of the state over municipalities in respect to its courts.
“3. The Legislature has the exclusive power to create courts inferior to the Courts of Appeals.
“4. The power to create a court carries with it the power to define its jurisdiction and to provide for its maintenance.”
It follows, from the foregoing, that the jurisdiction of the Court of Common Pleas under Section 143.27, Revised Code, to hear an appeal from an order of a municipal civil service commission suspending, demoting or removing a member of the police or fire department of a city cannot be impaired or restricted by a provision of a municipal charter or ordinance.
Accordingly, Section 172-A of the Charter of the City of Toledo, so far as it applies to make final an order of the municipal civil service commission relating to the suspension, demotion or removal of a member of the police or fire department, is in conflict with the provisions of Section 143.27, Revised Code, and is to that extent invalid.
It is an established principle of law that “mandamus is the proper remedy of one who has been illegally removed from the classified service as where he has been removed for a cause which is insufficient in law or without specified cause. ’ ’ 9 Ohio Jurisprudence (2d), 455, and cases-cited thereunder.
In the case of a member of a police or fire department of a *151 municipality the principle is legislatively established under constitutional power that he has the right of appeal from the decision of the civil service commission of his city and, in such instance, mandamus could not be his remedy. To state it more aptly, the jurisdiction of the Court of Common Pleas to hear an appeal such as made here cannot be impaired or restricted by any municipal charter or ordinance provision.
The judgment of the Court of Appeals is, therefore, affirmed, and the cause is remanded to the Court of Common Pleas for further proceedings according to law.

Judgment affirmed.

Weygandt, C. J., Zimmerman, Taft, Matthias, Bell and Peck, JJ., concur.