JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, State of Ohio, ex rel. Carol J. Dawson ("Dawson"), appeals from the judgment of the trial court that dismissed her action for declaratory judgment and injunctive relief challenging a zoning ordinance that was enacted without voter approval. For the reasons that follow, we affirm.
 {¶ 2} At issue is the enactment of Richmond Heights Ordinance No. 14-2003 and whether the City Charter required voter approval to be finally effective. The trial court granted the defendant-appellee, City of Richmond Heights' ("the City"), motion for summary judgment finding that "Ordinance No. 14-2003 does not violate the mandates of Richmond Heights City Charter Section 7, Article VI, voter approval is not required."
 {¶ 3} Dawson raises two assignments of error for our review, which state:
 {¶ 4} "I. The trial court erred to the prejudice of the appellant in sustaining appellee's motion for summary judgment where the enactment of Richmond Heights Ordinance No. 14-2003 constitutes a change of zoning classification or use and therefore, pursuant to Section 7, Article VI of the Charter of the City, said Ordinance requires voter approval to be finally effective.
 {¶ 5} "II. The trial court erred to the prejudice of the appellant in sustaining appellee's motion for summary judgment where the enactment of Richmond Heights Ordinance No. 14-2003 constitutes an abuse of municipal corporate powers in violation of Ohio Revised Code § 733.56 in that the City of Richmond Heights, vis-à-vis said Ordinance, has illegally rezoned all R-1 and R-2 single-family residential districts and accordingly, is without legal authority to issue any building or other permits relative to said rezoning."
 {¶ 6} The party seeking summary judgment bears the burden of demonstrating that no issues of material fact exist for trial. CelotexCorp. v. Catrett (1987), 477 U.S. 317, 330; Mitseff v. Wheeler (1988),38 Ohio St.3d 112, 115. Doubts must be resolved in favor of the nonmoving party. Murphy v. Reynoldsburg (1992), 65 Ohio St.3d 356.
 {¶ 7} This Court reviews the lower court's granting of summary judgment de novo. Brown v. Scioto Bd. of Commrs. (1993),87 Ohio App.3d 704. Pursuant to Civ.R. 56(C), "[t]he reviewing court evaluates the record * * * in a light most favorable to the nonmoving party * * *. [T]he motion must be overruled if reasonable minds could find for the party opposing the motion." Saunders v. McFaul (1990),71 Ohio App.3d 46, 50; Link v. Leadworks Corp. (1992),79 Ohio App.3d 735, 741.
Richmond Heights City Charter
 {¶ 8} "The rules of construction of a city charter are identical with those applicable to state statutes. State, ex rel. Haffner v. Green
(1953), 97 Ohio App. 91, affirmed, 160 Ohio St. 189; State, ex rel.Mihlbaugh v. Bogart (1943), 73 Ohio App. 47. It is the recognized duty of the court in cases of statutory construction to construe ambiguous statutory sections to harmonize and give full effect to all sections whenever possible. Brown v. Toledo Mental Hygiene Clinic (1977),63 Ohio App.2d 73; Commonwealth Loan Co. v. Downtown Lincoln MercuryCo. (1964), 4 Ohio App.2d 4." Zurawski v. City of North Olmsted (May 22, 1986), Cuyahoga App. No. 50711.
 {¶ 9} In relevant part, the Richmond Heights City Charter provides as follows: "* * * no legislation, as adopted by Council, shall become finally effective that would allow, permit or effect a change of zoning classification from an existing R-1, R-2 or R-3 Single-Family Residential zoning classification or use to any other zoning classification or use until the same has been approved by the electorate of the Municipality in the manner hereinafter set forth." Section 7, Restriction on Rezoning.
The debate is whether Ordinance No. 14-2003 allowed, permitted, or effected a change of zoning classification from single-family zoning classification or use to any other zoning classification or use.
Ordinance No. 14-2003
 {¶ 10} Richmond Heights Ordinance No. 14-2003 amended section 1135.03 of the zoning code regarding residential cluster development (RCD). The ordinance amended the code to add RCD in R-1 single-family districts.[1]
Dawson argues that this effected a change in zoning classification or use, thus requiring its submission to voter approval. The City responds that it did not effect a change of classification or use because the districts remain zoned as single-family residential. While RCD is added, the districts remain under the R-1 and R-2 single-family residential zoning classification.
 {¶ 11} The language of the City Charter requires voter approval only if an existing classification is changed from single-family residential to some other use or classification. While Ordinance No. 14-2003 establishes more detailed regulations for cluster developments and permits them in R-1 districts, it does not allow, permit, or change the use or classification of those districts from single-family residential. Accordingly, the trial court did not err by granting the City's motion for summary judgment because the City Charter did not require voter approval of the ordinance. The second assignment of error fails correspondingly. Because Ordinance No. 14-2003 did not require voter approval, its enactment by the City was not an abuse of municipal corporate power.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Cooney, J., and Corrigan, J., Concur.
[1] Cluster development was already permitted in R-2 single-family residential districts.