By the Court.
 

 Article V of the Constitution of the United States provides for the proposal of amendments by the Congress, which shall become valid as parts of the Constitution itself “when ratified by the Legislatures of three-fourths of the several states, or by Conventions in three-fourths thereof, as the one or the other Mode of Ratification may be proposed by the Congress.”
 

 By the requisite majority, both houses of the Seventy-Second Congress passed a joint resolution proposing as an amendment to the Constitution of the United States an article providing for the repeal of the Eighteenth Amendment. Section 3 of the proposed article provided that “This article shall be inoperative unless it shall have been ratified as an amendment to the Constitution by conventions in the several states, as provided in the Constitution, within seven years from the date of the submission hereof to the states by the Congress.”
 

 On February 13, 1933, the Secretary of State of the United States by letter transmitted this resolution to the Governor of Ohio for appropriate action.
 

 On March 20, 1933, the Ninetieth General Assembly
 
 *105
 
 of Ohio adopted Amended Senate Bill No. 204, providing for the calling of a convention to pass on amendments to the Constitution of the United States. This hill was approved by the Governor, and on March 24, 1933, was duly filed with the secretary of state of Ohio.
 

 On June 21, 1933, there was deposited with the secretary of state of Ohio a petition purporting to be signed by the requisite number of persons, seeking a referendum upon Amended Senate Bill No. 204 (Section 4785-235,
 
 et seq.,
 
 General Code; 115 O. L., 74). The present action seeks to prohibit the secretary of state of Ohio from submitting this matter to the vote of the people.
 

 Under the decision of the Supreme Court of the United States in
 
 Hawke
 
 v.
 
 Smith, Secy. of State,
 
 253 U. S., 221, 40 S. Ct., 495, 64 L. Ed., 871, 10 A. L. R., 1504, there can be no referendum upon the decision of a state Legislature to ratify or to reject a proposed amendment to the Federal Constitution. By a parity of reasoning, there could be no referendum upon the final action of a convention ratifying or rejecting such a proposal.
 

 We are here concerned, however, not with an attempted referendum upon such final action, but with an attempted referendum upon an act of the state Legislature setting up the machinery by which a convention may be assembled to take such final action.
 

 In our opinion, however, the calling of such convention is but a step necessary and incidental to the final action of the convention in registering the voice of the state upon the amendment proposed by the Congress. The action of the Legislature in performing this function rests upon the authority of Article Y of the Constitution of the United States. It is a federal function, which, in the absence of action by the Congress, the state Legislature is authorized to perform.
 
 Leser
 
 v.
 
 Garnett,
 
 258 U. S., 130, 42 S. C., 217, 66 L.
 
 *106
 
 Ed., 505;
 
 Smiley
 
 v.
 
 Holm, Secy. of State,
 
 285 U. S., 355, 52 S. Ct., 397, 76 L. Ed., 795. The mode of assembling the convention set up in Amended Senate Bill No. 204 provides for a vote by all of the electors of the state upon the selection of all of the delegates. The views of the candidates, for election as delegates to the convention,' will be known in advance, so that the final action of the convention should be truly representative of the will of the people upon the one special question involved. The intent of Article Y of the Constitution of the United States will therefore be effectuated by this action of the state Legislature.
 

 We are of the opinion, therefore, that the referendum provisions of the Constitution and the laws of Ohio have no application to Amended Senate Bill No. 204. The demurrer to the petition of the relator is accordingly overruled, and, respondent not desiring to plead further, the writs are allowed.
 

 Writs allowed.
 

 Weygandt, C. J., Day, Allen, Stephenson, Bevis and Jones, JJ., concur.