Williams, J.
 

 The first question presented is whether a writ of prohibition is the proper remedy. In the case of
 
 State, ex rel. Stanley,
 
 v.
 
 Bernon et al., Bd. of Elections of Cuyahoga County,
 
 127 Ohio St., 204, 187 N. E., 733, it was held that such a writ will lie to prevent a board of elections from placing on a ballot the names of the candidates whose nominating petitions
 
 *344
 
 have not been filed within the time prescribed by statute. In the instant case the writ is sought to prevent placing the names of candidates for nomination for sheriff of Summit county for the unexpired term on the primary ballot, upon the claimed ground that the relator, the present incumbent, under his reappointment as sheriff holds until the end of the current term which does not expire until the day before the first Monday in January 1949. In principle there is no distinction between the two situations. The writ lies to prevent the board of elections from taking any steps to place names of candidates on a ballot where under the law the names may not properly be placed there. The writ of prohibition is the proper remedy. See, also,
 
 State, ex rel. Patton,
 
 v.
 
 Myers, Secy, of State,
 
 127 Ohio St., 95, 186 N. E., 872, 90 A. L. R., 570;
 
 State, ex rel. Donnelly,
 
 v.
 
 Myers, Secy, of State,
 
 127 Ohio St., 104, 186 N. E., 918;
 
 State, ex rel. Patton,
 
 v.
 
 Myers, Secy. of State,
 
 127 Ohio St., 169, 187 N. E., 241.
 

 The second question is whether the relator held by his first appointment the office of sheriff for the unexpired term which ended December 31, 1944 (which was the day before the first Monday in January 1945), •and thereafter until the election and qualification of his successor.
 

 Section 2828, General Code (84 Ohio Laws, 208), prior to its amendment (121 Ohio Laws, —, effective October 11, 1945), provided in its material part as follows:
 

 “When the office of sheriff becomes vacant, the county commissioners shall appoint a suitable person to fill the vacancy. The person so appointed shall give bond, take the oath of office prescribed for the sheriff, and hold the office during the unexpired term.”
 

 That section, however, must be weighed in the light of Section 10, General Code (amended 117 Ohio Laws,
 
 *345
 
 346, effective August 11,1937), which reads as follows:
 

 “When an elective office becomes vacant, and is filled by appointment, such appointee shall hold the office until his successor is elected and qualified. Unless otherwise provided by law, such successor shall be elected for the unexpired term at the first general election for the office which is vacant that occurs more than thirty days after the vacancy shall have occurred.
 
 When an elected candidate has failed to qualify for the office to which he has been elected, the office shall be filled as in the case of a vacancy. Until so filled, the incumbent officer shall continue to hold the office.
 
 This section shall not he construed to postpone the time for such election beyond that at which it would have been held had no such vacancy occurred, nor to affect the official term, or the time for the commencement thereof, of any person elected to such office before the occurrence of such vacancy. ’ ’
 

 Sections 2828 and 10, General Code (formerly Sections 1208 and 11, respectively, Bevised Statutes), though amended from time to time have been construed to mean that a person appointed to fill a vacancy in the office of sheriff holds until the end of the unexpired term and thereafter until his successor is elected and qualified.
 
 State, ex rel. Sheets, Atty. Genl.,
 
 v.
 
 Speidel,
 
 62 Ohio St., 156, 160, 56 N. E., 871;
 
 State, ex rel. Haff,
 
 v.
 
 Pash,
 
 126 Ohio St., 633, 186 N. E., 809;
 
 State, ex rel. Gahl,
 
 v.
 
 Lutz, Jr.,
 
 132 Ohio St., 466, and 468, 9 N. E. (2d), 288. After the decision in the
 
 Luts case
 
 the amendment of Section 10, General Code, adding the portion quoted above in italics became effective. The applicable statutory provisions relative to filling a vacancy in the office of sheriff being different from those governing the filling of other county offices, the added part shown in italics must he considered with such difference in mind. However that may be, the
 
 *346
 
 added part would have no bearing on the period of relator’s incumbency under his first appointment. Such appointment was to fill an actual vacancy caused by the death of O’Neil during the term of the office that he was then filling, and there is no question that the relator would hold his office during the unexpired term and until the election and qualification of his successor. It is only with respect to the reappointment of the relator after his subsequent resignation that the added part becomes a matter important to consider.
 

 The third question is whether the resignation and reappointment of the relator gave him, upon qualification, a right to hold the office until the end of the term for which O’Neil was re-elected the last time.
 

 O’Neil’s death created a vacancy in his old term— the term he was then filling, but not a vacancy in the new term — the term he never filled and for which he never qualified.
 
 State, ex rel. Sheets,
 
 v.
 
 Speidel, supra; Townsley
 
 v.
 
 Harisfield,
 
 113 Ark., 253, 168 S. W., 140;
 
 State, ex rel. Freeman,
 
 v.
 
 Carvey,
 
 175 Iowa, 344,154 N. W., 931;
 
 State, ex rel. Hellier,
 
 v.
 
 Vincent,
 
 20 S. D., 90.
 

 In fact, O’Neil never had or held the new term. It was not his term.
 
 State, ex rel. Hoyt,
 
 v.
 
 Metcalfe,
 
 80 Ohio St., 244, 265. When the relator resigned, as he did after the period of the new term had begun, he in reality terminated the term which he held by appointment, and that term would normally be ended, had he continued to serve, upon the election and qualification of his successor. The majority rule in American jurisdictions is that one who rightfully fills an office for an unexpired term and thereafter for an additional period ending with the election and qualification of his successor holds the additional period beyond the unexpired term as an adjunct thereto. Though “contingent and defeasible,” the additional period is as much a part of the term held by the incumbent as the definite part. Annotation, 74 A. L. R., 486, 487, and cases cited.
 

 
 *347
 
 The leading .cases sustaining this doctrine are summarized in the following statement on page 487:
 

 “It is generally■ held that, where an incumbent is authorized to hold over until the election and qualification of his successor, such additional term, though in its nature contingent and defeasible, is, while it exists, as much a part of the term of the incumbent as is his original, fixed, or regular term.”
 

 When the relator resigned, he surrendered the right to the appointive term of service he then held, and a person appointed to the office after such a resignation, whoever he might have been, would normally serve as long as the resigning incumbent would have been entitled to serve, had he not resigned. But now amended Section 10, General Code (117 Ohio Laws, 346), is involved with its provision that, upon the failure of an elective candidate to qualify, “the office shall be filled as in the case of a vacancy.” So the question naturally arises whether the resignation of the relator, though not creating a vacancy in the new term for which O’Neil did not qualify, gave the county commissioners the power to fill the office “as in the case of a vacancy, ’ ’ that is, for the unexpired term ending the day before the first Monday of January 1949.
 

 As a result of O’Neil’s failure to qualify, due to his death, there was an actual vacancy which was filled by the original appointment of the relator. There was no actual vacancy in the new term, within the meaning of the statute, by reason of relator’s resignation, but a vacancy only in the appointive term which the relator held. Although the office of sheriff was the only county office as to which there was a provision that a person appointed to fill a vacancy should hold during the unexpired term, that provision applied, only where a vacancy actually existed in that office as a result of the failure of the elected candidate to qualify. The occasion for filling the office by reappointment of the relator was brought about by the relator’s own act in
 
 *348
 
 resigning. By that act he sought to bring about an extension of his term of service, but he could not-enlarge his rights or extend his tenure in that way. Therefore, the relator through his reappointment and subsequent qualification holds his office only until his successor is elected at the next general election and qualifies for -the office.
 

 For the reasons given the relator is not entitled to a writ of prohibition to prevent placing the three names on the ballots for the primary election to be held May 7, 1946.
 

 Writ denied.
 

 Weygandt, C. J., Zimmerman, Bell, Matthias and Hart, JJ., concur.