In re Highland Holiday Subdivision.

[Cite as In re Highland Holiday Subdivision (1971), 27 Ohio App. 2d 237.]

(No. 212—Decided June 7, 1971.)

Mr. James D. Hapner, for appellee.

Mr. John O. Crouse, prosecuting attorney, for appel-lant.

Gray, J. This case is in this court on appeal from a judgment of the Court of Common Pleas of Highland County ordering the county commissioners of that county to approve a plat submitted to them for approval under the provisions of R. C. Chapter 711. The board of county commissioners, feeling aggrieved by this order, filed its notice of appeal and, thereby, attempted to perfect an appeal to this court.

The promotors of Highland Holiday Subdivision submitted the plat to the Highland county commissioners. Highland Holiday Subdivision filed a motion to dismiss the appeal filed by the board of county commissioners. This motion for dismissal of the appeal is now before this court for decision. We are of the opinion that the motion is well taken.

R. C. 711.05 states, in part, as follows:

"The ground of refusal to approve any plat, submitted

in accordance with section 711.04 of the Revised Code shall be stated upon the record of the board and, within sixty days thereafter, the person submitting any plat which the board refuses to approve may file a petition in the court of common pleas of the county in which the land described in said plat is situated to review the action of such board.''

It should be noted that only the ''person submitting any plat'' is given the right to appeal. The board of county commissioners was not given that right. It cannot be said that the due process clause requires that a right of appeal must be reciprocal. Where the special statute gives the right to appeal, the appeal must be taken as the section prescribes and the right to appeal only extends to the persons named therein.

We do not believe that the board of county commissioners has the authority or right to appeal this decision. First, the right to appeal was not given to it under R. C. 711.05. Second, it was not given to it under R. C. Chapter 119, as R. C. 119.12 states in part:

''Any party adversely affected * * * may appeal * * *.''

Only in a very few cases has the General Assembly given the right to a board to be a ''referee'' and a ''litigant'' at the same time.

This result is required by the provisions of R. C. 1.12, which are as follows:

''When a special provision is made in a remedial law as to service, pleadings, competency of witnesses, or in any other respect inconsistent with the general provisions of sections of the Revised Code relating to procedure in the court of common pleas and procedure on appeal, the special provision shall govern, unless it appears that the provisions are cumulative.''

Let us review some of the procedural steps taken in this case. Highland Holiday prepared a plat of a subdivision and submitted it to the board of county commissioners. The board refused to approve the plat. Highland Holiday appealed this decision to the Common Pleas Court. The Common Pleas Court ordered the board to approve the plat. Now the board enters the case for the first time as a

litigant. This it cannot do. The only reason for the board being in the case is that R. C. 711.05 gives it the duty and the authority to pass upon the validity of the plat submitted to it.

Up until the time the board of county commissioners filed its notice of appeal, it was only authorized to act as a tribunal. If its members were aggrieved by the action of the Common Pleas Court, there is no law that we have been able to find, nor has one been cited to us, which would give it the authority to become, for the first time, a litigant and an appellant in the Court of Appeals.

This point has been decided in *DiCillo & Sons, Inc.,* v. *Chester Zoning Board of Appeals* (1952), 158 Ohio St. 302. *DiCillo* has been cited with approval in *Gold Coast Realty, Inc.,* v. *Board of Zoning Appeals of Cleveland,* 26 Ohio St. 2d 37. *DiCillo* reads, in part at 305, 306 as follows:

"Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations on such appeals for variances from the terms of the zoning resolution. *However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by statute,* or by 'any person aggrieved or by any officer of the township (*other than members of the board as such*) affected by any decision of the administrative officer.' If no one appeals to the board from a decision of an administrative officer, then the decision of the administrative officer stands. If a proper party does appeal, then a party so appealing is in a position which should enable satisfactory representation of interests of the public which may be adversely affected by the decision made by the administrative officer." (Emphasis added.)

It is also required by the law of Ohio that an action

must be prosecuted in the name of the real party in interest.

A real party has been defined in various ways. Some of these definitions are as follows: A real party in interest is a party who is benefitted or injured by the judgment in the case. An interest which warrants making a person a party is not an interest in the action merely, but some interest in the subject matter of the litigation.

The real party in interest is generally considered to be that person who can discharge the claim on which suit is brought.

The real party in interest is the party who, by substantive law, possesses the right to be enforced.

The purpose of the rule "is to enable the defendant to avail himself of evidence and defenses that the defendant has against the real party in interest, and to assure him finality of the judgment, and that he will be protected against another suit brought by the real party at interest on the same matter." *Celanese Corp. of America* v. *John Clark Industries* (5 Cir. 1954), 214 F. 2d 551, 556.

Thus, by applying the above rules and applicable laws, we are compelled to come to the conclusion that the board of county commissioners is not a real party in interest in this case and, for this additional reason, do not have standing to appeal this cause to this court.

We, therefore, are of the opinion that under the law and the present state of the record the board of county commissioners cannot prosecute this appeal. The motion to dismiss the appeal is granted.

*Motion granted.*

ABELE, P. J. and STEPHENSON, J., concur.