THE STATE, EX REL. GRAHAM, APPELLEE, *v.*
BOARD OF ELECTIONS ET AL., APPELLANTS.

(Nos. 79-1433 and 79-1436—Decided December 12, 1979.)

124

Mr. Edward M. Graham, pro se.

Mr. John T. Corrigan, prosecuting attorney, and Mr. David A. Williamson, for appellants.

Messrs. Harbarger, Kelleher, Minni, Treister & Carbone and Mr. David R. Harbarger, for intervenor-appellant.

Per Curiam. Pursuant to Sections 3 and 7 of Article XVIII of the Ohio Constitution, the "home rule" provisions, a charter municipality may adopt for municipal elections a method of selecting municipal officers different than the method of elections provided for by the legislature. State, ex rel. Haffner, v. Green (1953), 160 Ohio St. 189; State, ex rel. Bindas, v. Andrish (1956), 165 Ohio St. 441. The question here is whether Lakewood, a charter municipality, has exercised the "home rule" privilege to the extent that R. C. 3513.191 does not apply to McNally or other Lakewood city council candidates.

This decision must be based on a reading of the Lakewood Charter. It is not disputed that the charter provides that a council member shall be an elector of the city, a resident of the ward in which he is elected to represent, and a member of the political party in which the nomination is sought. Appellants argue that those provisions are the only qualifications for the candidates and that the city charter dispenses with the four-year voting record qualification contained in R. C. 3513.191. Appellants' argument is without merit. Section 10, Article IX, of the city charter provides: "Where no special provision is made in this Charter governing general, primary or special elections, registration and the conduct of such elections the provisions of the general law of the State of Ohio shall control." (Emphasis added). Since the Lakewood Charter makes no special provision regarding a primary candidate's qualifications, the general law of Ohio

controls in this matter. The city charter contains some general provisions relating to a council member, but Section 10 of the charter evinces an intent that the charter is not meant to be exclusive and that Ohio law will rule where the charter does not specifically provide otherwise.

Appellants' reliance on *State, ex rel. Bindas, supra,* is misplaced. The city of Youngstown's charter involved in *State, ex rel. Bindas,* and the charter here involved are clearly distinguishable.

We are in agreement with the Court of Appeals that appellee had standing to bring this action in prohibition. *State, ex rel. Newell,* v. *Brown* (1954), 162 Ohio St. 147, 150-151. Since prohibition is an appropriate remedy to prevent a board of elections from placing the name of a candidate on a ballot, whose name may not be lawfully placed thereon, we affirm the judgment of the Court of Appeals. *State, ex rel. Newell, supra.*

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.