**BEAVER EXCAVATING COMPANY, Appellee,**

v.

**STARK COUNTY BOARD OF ELECTIONS et al., Appellants.**

[Cite as *Beaver Excavating Co. v. Stark Cty. Bd.
of Elections* (1992), 78 Ohio App.3d 20.]

Court of Appeals of Ohio,
Stark County.

No. CA–8729.

Decided May 26, 1992.

*Joseph M. Zeglen* and *Donald P. Kotnik,* for appellee.

*Lemuel R. Green* and *David Bridenstine,* Assistant Prosecuting Attorneys, for appellants.

———

GWIN, Presiding Judge.

Defendants, the Stark County Board of Elections and the individual members thereof ("appellants"), appeal from the judgment entered in the Stark County Court of Common Pleas permanently enjoining appellants from placing a zoning referendum issue on the election ballot.

The zoning referendum originated from a petition filed with appellants by several residents of Canton Township, seeking to prevent the rezoning of 37.5 acres of residentially zoned land owned by plaintiff, the Beaver Excavating Company ("appellee"), and located in Canton Township.

On August 6, 1991, appellants, pursuant to R.C. 519.12(H), determined the petition for the township zoning referendum to be sufficient and valid.

On August 15, 1991, appellee filed the within action against appellants, seeking a declaration that said petition did not meet the statutory requirements contained in R.C. 519.12 and an order permanently enjoining appellants from placing the zoning referendum on the election ballot.

By judgment entered September 18, 1991, the Stark County Court of Common Pleas determined appellants abused their discretion in approving the validity and sufficiency of said petition; that appellee would be irreparably harmed if injunctive relief was not granted, and permanently enjoined appellants from placing the zoning referendum on the election ballot. It is from this order that appellants seek our review.

■ We note from the outset that appellee's injunctive action filed in the court of common pleas was the appropriate proceeding to prohibit or prevent appellants from placing on the election ballot the referendum in question. *State ex rel. Stanley v. Bernon* (1933), 127 Ohio St. 204, 187 N.E. 733; *State ex rel. Smith v. Hummel* (1946), 146 Ohio St. 341, 32 O.O. 416, 66 N.E.2d 111; *State ex rel. Newell v. Brown* (1954), 162 Ohio St. 147, 54 O.O. 392, 122 N.E.2d 105; *State ex rel. Graham v. Bd. of Elections* (1979), 60 Ohio St.2d 123, 125, 14 O.O.3d 349, 350, 397 N.E.2d 1204, 1205.

■ However, we find appellants lack standing as a real party in interest in pursuing the within appeal.

A "real party in interest" has been defined, among other ways, as "a party who is benefited or injured by a judgment in the case." *In re Highland*

*Holiday Subdivision* (1971), 27 Ohio App.2d 237, 240, 56 O.O.2d 404, 406, 273 N.E.2d 903, 905. Appellants have failed to demonstrate how they were adversely affected or aggrieved by the judgment appealed from. Indeed, appellants have no legal interest in the outcome of this appeal and "no duty to themselves or to the public to persuade this court that their view" of the validity and sufficiency of the petition in question was correct. *DeCesare v. Bd. of Elections* (1968), 104 R.I. 136, 242 A.2d 421. "Their position is analogous to that of a probate judge who, as respondent in a petition for mandamus, was held by [the Rhode Island Supreme Court] to have no right of appeal as a person aggrieved by a judgment of the superior court out of which the writ issued." *Id.*

A board of elections is a quasi-judicial body charged with impartiality in determining the validity and sufficiency of petitions for zoning referendums. See R.C. 519.12(H). As such, appellants are without authority or right to appeal the trial court's decision.

"Only in a very few cases has the General Assembly given the right to a board to be a 'referee' and a 'litigant' at the same time." *In re Highland Holiday Subdivision, supra,* 27 Ohio App.2d at 238, 56 O.O.2d at 405, 273 N.E.2d at 905.

The real party in interest in this appeal would be those petitioners and/or landowners in Canton Township who seek placement of the referendum on the election ballot. Accordingly, there being no real party in interest prosecuting this appeal, we dismiss appellants' appeal for lack of standing.

For the foregoing reasons, appellants' appeal is hereby dismissed.

*Appeal dismissed.*

PUTMAN and MILLIGAN, JJ., concur.