**In re KERRY FORD, INC.** (Two Cases)

[Cite as *In re Kerry Ford, Inc.* (1995) 110 Ohio App.3d 611.]

Court of Appeals of Ohio,
Tenth District, Franklin County.

Nos. 94APE10–1569 and 94APE10–1570.

Decided April 27, 1995.

*Gates T. Richards Co., L.P.A.,* and *Gates T. Richards; Eichel & Krone,* and *Paul W. Krone,* for appellant Kerry Ford, Inc.

*Betty Montgomery,* Attorney General, and *Rebecca A. Spainhoward,* for Motor Vehicle Dealers Board.

*Barron, Peck & Bennie* and *Norman I. Barron,* for appellant Williams Ford Sales, Inc.

*Baker & Hostetler, George W. Hairston* and *Jerri H. Stewart,* for appellee Ford Motor Company.

---

DESHLER, Judge.

The Ohio Motor Vehicle Dealers Board ("OMVB") has filed a motion for reconsideration of this court's judgment entry striking from the record of the instant appeal a brief filed by OMVB, on the basis that OMVB was not a proper party to this appeal.

The present action involves an appeal by appellants, Kerry Ford, Inc. and Williams Ford Sales, Inc., from judgments of the Franklin County Court of Common Pleas, granting a motion to dismiss for lack of jurisdiction filed by appellee, Ford Motor Company. The underlying action in the trial court involved appeals to the trial court by Kerry Ford, Inc. and Williams Ford Sales, Inc., from a decision of the OMVB, finding that good cause had been established to permit Ford Motor Company to relocate R.S. Ford to the Kings Auto Mall.

OMVB asserts that it is a proper party to this appeal based upon the language of R.C. 4517.58, which provides in part that upon the decision of the Motor Vehicles Dealer Board in a protest action, "any person adversely affected by the decision may appeal in the manner provided by sections 119.01 to 119.13 of the Revised Code." OMVB argues that this court's entry striking its brief "was based upon the mistaken premise that the Motor Vehicle Dealers Board is not a party to the appeal" and further asserts that this court's action "has the effect of a determination that an administrative entity has no interest in upholding its own administrative orders."

The issue presented by OMVB is whether an administrative agency, acting in the role of an impartial decisionmaker, has standing as a party from an appeal of its own order.

■ While an administrative agency is granted the statutory right, pursuant to R.C. 119.12, to appeal questions of law relating to the constitutionality, construction, or interpretation of statutes and rules of the agency, in general, "an administrative agency has no partisan interests in its decisions." *Miller v. Unemp. Comp. Bur.* (1954), 160 Ohio St. 561, 563, 52 O.O. 451, 452, 117 N.E.2d 427, 428. "Only in a very few cases has the General Assembly given the right to a board to be a 'referee' and a 'litigant' at the same time." *In re Highland Holiday Subdivision* (1971), 27 Ohio App.2d 237, 238, 56 O.O.2d 404, 405, 273 N.E.2d 903, 905. "A 'real party in interest' has been defined, among other ways,

as 'a party who is benefited or injured by a judgment in the case.'" *Beaver Excavating Co. v. Stark Cty. Bd. of Elections* (1992), 78 Ohio App.3d 20, 21, 603 N.E.2d 426, 427.

The Ohio Supreme Court has, under limited circumstances, held that an administrative agency may participate as a party in appellate review of its decisions. *Hamilton Cty. Bd. of Mental Retardation & Developmental Disabilities v. Professionals Guild of Ohio* (1989), 46 Ohio St.3d 147, 545 N.E.2d 1260. In *Hamilton Cty. Bd. of Mental Retardation,* the court held that the State Employees Relation Board ("SERB") may participate as a party in appellate review of its decisions. The court reasoned that SERB, "in addition to its quasi-judicial function, is given enforcement powers by R.C. Chapter 4117." *Id.* at 154, 545 N.E.2d at 1268. The court made clear, however, that its decision did not stand for the proposition that SERB was a necessary or indispensable party or that it should participate in every review proceeding. *Id.*

In *DiCillo & Sons, Inc. v. Chester Zoning Bd. of Appeals* (1952), 158 Ohio St. 302, 49 O.O. 135, 109 N.E.2d 8, a township zoning board of appeals sought to appeal from a judgment of a trial court which had reversed the decision of the board, based upon statutory language providing that "'[a]ny person adversely affected by a decision of a township board of zoning appeals may appeal to the Court of Common Pleas.'" *Id.* at 304, 49 O.O. at 136, 109 N.E.2d at 10. The court in *DiCillo* rejected the board's contention that the board was a proper party to an appeal from the board's decision, noting that the legislature contemplated that "the board should be as disinterested in deciding matters brought before it as a court should be." *Id.* at 305, 49 O.O. at 136, 109 N.E.2d at 10. The court further held:

"It has been argued that the function of the board is to represent the interests of the public; and that, therefore, it must, if those interests are to be protected, be allowed to have an interest adverse to the appellee in the instant case.

"Admittedly, the board does represent the interest that the public has in having appeals correctly heard and decided and in having proper authorizations on such appeals for variances from the terms of the zoning resolution. However, it does not follow that the board or any of its members as such may become partisans when one of its decisions is questioned on an appeal to a court. Sufficient partisan representation of any interest of the public in warding off appellate attacks on the decisions of the board can be furnished either by the administrative officer, from whose decision an appeal to the board is authorized by statute, or by 'any person aggrieved or by any officer of the township [other than members of the board as such] affected by any decision of the administrative officer.' If no one appeals to the board from a decision of an administrative officer, then the decision of the administrative officer stands. If a proper party

does appeal, than a party so appealing is in a position which should enable satisfactory representation of interests of the public which may be adversely affected by the decision made by the administrative officer." *Id.* at 305–306, 49 O.O. at 136–137, 109 N.E.2d at 10.

As noted above, in the present case, the underlying action involved a dispute between a franchisor and two of its franchisees over the relocation of a car dealership. The franchisees, pursuant to statute (R.C. 4517.50), filed protests to the franchisor's proposal. The role of the OMVB in the action, as a quasi-judicial body, was to render an impartial decision.

We are cognizant that the trial court, in dismissing the franchisees' appeal, did not base its decision on whether the order of the OMVB was supported by reliable, probative and substantial evidence; rather, the trial court dismissed this action based upon its holding that application of R.C. 4517.50, 4517.51, 4517.57 and 4517.58 to the present action would be an unconstitutional retroactive application of law, *i.e.*, the court found that franchise agreements executed prior to March 14, 1980, the date the statutes became effective, are exempt from application of the statutes. Thus, as acknowledged by OMVB in its brief submitted on appeal, the trial court's decision is not adverse to the ruling of the OMVB as it relates to this particular protest; instead, it is asserted by OMVB, the decision of the trial court would have a detrimental effect on its authority to adequately address protest actions in the future.

Even assuming that OMVB could, under certain circumstances, be a party to an appeal of its own decision, OMVB has failed to persuade this court that the proper parties to this appeal, the franchisor and franchisees, will not adequately represent the public's interest or that the OMVB's participation is necessary or indispensable to the resolution of this matter. In sum, there is no indication that the issues raised by the OMVB in its brief, which was stricken by this court, will not be adequately addressed by the actual adverse parties to this appeal.

Accordingly, OMVB's motion for reconsideration of this court's entry, striking OMVB's brief from the file, is denied.

*Motion denied.*

JOHN C. YOUNG and PETREE, JJ., concur.