OPINION JUDGMENT ENTRY
{¶ 1} Defendant-Appellant Michael Fox appeals the jury decision and award entered in the Licking County Common Pleas Court.
{¶ 2} Plaintiffs-Appellees David J. Baddour and Ronata Yates cross-appeal.
 STATEMENT OF THE FACTS AND CASE
{¶ 3} In June, 1995, Lin-Fox Land Development, Inc. sold Lot 21 in Stonesthrow Estates to one Victor Edwards. Mr. Edwards obtained a construction loan through American Heritage Mortgage Company of Ohio, Inc. in the amount of $376,300.00 on the same day. Mr. Edwards hired Champaign Homes to build a house on said lot which it began but never completed due to Mr. Edwards losing his job. Mr. Edwards left town but appointed Mr. Fox as his agent to sell the house and executed a Power of Attorney to that effect.
{¶ 4} Plaintiff-Appellee David Baddour contacted Defendant-Appellant Michael Fox with regard to buying said house.
{¶ 5} Mr. Baddour offered to assume the construction loan in payment for said house. Mr. Fox told him that the construction loan only covered the cost of the building of the house and that he would also have to pay something for the cost of the lot and suggested $90,000. According to Mr. Baddour, he believed this to be a fair price for the nearly 7,000 square foot home. A real estate purchase contract was drawn up to reflect those terms. Said contract also stated that Mr. Baddour would be buying said house from Victor Edwards (with Mr. Fox acting as power of attorney) "as is" with the exception of few specified repairs that Mr. Fox would make.
{¶ 6} There is some evidence to suggest that Victor Edwards purchased the subject lot for $25,000.00. There is also some evidence to suggest that Mr. Fox led Mr. Baddour to believe that said lot was subject to a $90,000 mortgage held by Lin-Fox Development and that he may have gone as far as drawing up a fake mortgage and recording same.
{¶ 7} Because Mr. Baddour could not come up with the additional $90,000 he needed to buy the house, his girlfriend offered to transfer the house she was living in to Lin-Fox Development Company, Inc. in payment of same. When it became clear that her parents were the legal owners of said house, her parents conveyed the house to Lin-Fox Development for the benefit of their daughter's boyfriend, David Baddour.
{¶ 8} On April 16, 2001, David Baddour and Ronata Yates filed a complaint alleging that Michael Fox committed fraud in connection with the sale of the subject property. More specifically, it was alleged that Mr. Fox forged and recorded a mortgage deed in the name of his corporation Lin-Fox development, Inc. Mr. Baddour also asserted claims against Mr. Fox for breach of contract and against Champaign Homes, Inc. for breach of implied warranty in connection with the construction of the house.
{¶ 9} A jury trial commenced in this matter on January 27, 2003.
{¶ 10} At the close of evidence, the trial court granted a motion for a directed verdict as to Ronata Yates' claims against Michael Fox and also in favor of Champaign Homes on the claim for breach of implied warranty.
{¶ 11} On January 30, 2003, the jury found in favor of David Baddour on his claim of fraud against Michael Fox and awarded $90,000 in compensatory damages, found in favor of an award of attorney fees and awarded $123,000 in punitive damages.
{¶ 12} On February 14, 2003, Appellant Fox filed a Motion for Judgment Notwithstanding the Verdict, or in the Alternative, Motion for a New Trial.
{¶ 13} An oral hearing was held on February 27, 2003, on the award of attorney fees and on Appellant's motion.
{¶ 14} The trial court awarded attorney fees in the amount of $39,304.35. The court also found Mr. Fox in contempt for his earlier failure to attend a court ordered mediation and ordered an additional $1,200.00 in attorney fees in connection with same.
{¶ 15} On July 29, 2003, the trial court denied Appellant Fox's motion.
{¶ 16} Appellant now appeals and Appellees cross-appeal, assigning the following errors for review:
 ASSIGNMENTS OF ERROR
{¶ 17} "I. The trial court erred in granting a judgment for fraud and punitive damages which was against the manifest weight of the evidence.
{¶ 18} "II. The trial court erred in failing to sustain Michael A. Fox's motion for a new trial/motion for judgment notwithstanding the verdict."
 CROSS-APPEAL
{¶ 19} "I. The trial court erred when it granted a directed verdict in favor of defendant Mike Fox on Ronata Yates' claim for fraudulent misrepresentation.
{¶ 20} "II. The trial court erred when it denied plaintiffs' motion for leave to amend the pleading to conform to the evidence."
{¶ 21} "III. The trial court erred when it directed a verdict in favor of defendant Champagne Homes, Inc. on David Baddour's claim for breach of warranty.
{¶ 22} "IV. The trial court erred when it excluded plaintiffs' Exhibit 24."
 I., II.
{¶ 23} In his first assignment of error, Appellant claims that the jury verdict was against he manifest weight of the evidence.
{¶ 24} In the second assignment of error, Appellant claims the trial court erred in not sustaining his motion for a new trial/motion for judgment notwithstanding the verdict. We agree.
{¶ 25} We will address Appellant's first and second assignments of error simultaneously since both require us to determine if the jury verdict was against the manifest weight of the evidence.
{¶ 26} As an appellate court, we are not fact finders; we neither weigh the evidence nor judge the credibility of witnesses. Our role is to determine whether there is relevant, competent and credible evidence upon which the fact finder could base its judgment. Cross Truck v. Jeffries (Feb. 10, 1982), Stark App. No. CA-5758. Accordingly, judgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed as being against the manifest weight of the evidence. C.E. Morris Co. v. Foley Construction
(1978), 54 Ohio St.2d 279, 376 N.E.2d 578.
{¶ 27} In determining whether a trial court abused its discretion by overruling a motion for new trial brought pursuant to Civ.R. 59(A)(4) and (6), an appellate court must review the entire record to see if the jury verdict was against the manifest weight of the evidence or based upon incompetent evidence or improper argument or conduct of counsel. Medvec v. Cook (Apr. 28, 1994), Cuyahoga App. No. 65183, at 2-3. A new trial may be granted on the ground that a jury's verdict was contrary to the weight of the evidence if the jury failed to consider an element of damages that was established by uncontroverted evidence.Dillon v. Bundy (1991), 72 Ohio App.3d 767, 773-774,596 N.E.2d 500.
{¶ 28} The jury in the instant case found in favor of Plaintiff-Appellee David Baddour on his claim of fraud against Defendant-Appellant Michael Fox.
{¶ 29} The elements of fraud or fraudulent misrepresentation are (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) a resulting injury proximately caused by the reliance.
{¶ 30} Appellee David Baddour claims that Appellant Mr. Fox made a false statement to him when he told him that the additional $90,000 he wanted for the house over and above the amount of the construction loan was secured by a mortgage held by Lin-Fox development and that he relied on such statement and was damaged as a result.
{¶ 31} Upon review, while we find that it appears that Appellant Fox did in fact make a false statement to Appellee Baddour concerning the existence of a $90,000 mortgage on said property, we fail to find that Appellee was damaged by such misrepresentation. Appellee Baddour admitted that he thought the agreed upon purchase price was fair. He received the benefit of the bargain reached between the parties. There is no evidence that whether or not the $90,000 was secured by a mortgage was material to the Appellee Baddour's decision to purchase the property.
{¶ 32} It may be true that Appellant Fox committed fraud as it relates to his relationship with Victor Edwards, but such is not before us to consider.
{¶ 33} Based on the foregoing, we find that the jury verdict was against the manifest weight of the evidence.
{¶ 34} Having found the verdict to be against the manifest weight of the evidence, we find that the award of punitive damages in the amount of $123,000.00 and the award of attorney fees in the amount of $39,304.35 must also be vacated because they flow from the determination of fraud.
{¶ 35} We shall not disturb the award of attorney fees granted in connection with Appellant's failure to appear at the mediation in this matter as such was based on a finding of contempt.
{¶ 36} Appellant's first and second assignments of error are sustained.
 Cross-Appeal I.
{¶ 37} In their first assignment of error, Cross-Appellants claim that the trial court erred when it granted the directed verdict on Ronata Yates' claim for fraudulent misrepresentation. We disagree.
{¶ 38} The elements of fraud or fraudulent misrepresentation are (1) a representation or, where there is a duty to disclose, concealment of a fact, (2) which is material to the transaction at hand, (3) made falsely, with knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred, (4) with the intent of misleading another into relying upon it, (5) followed by justifiable reliance upon the representation or concealment by the other party, and (6) a resulting injury proximately caused by the reliance.
{¶ 39} Appellant argues that Ms. Yates was damaged because she reasonably relied upon the representation made by Mr. Fox to Mr. Baddour with regard to the $90,000 mortgage and thus caused her property to be transferred to satisfy the fictitious mortgage held by Lin-Fox.
{¶ 40} The trial court found that Ronata Yates was not a party to the real estate contract between Michael Fox and David Baddour nor was any representation made to her. The trial court also found that she was not the owner of the transferred real estate, thereby negating any damages she allegedly suffered.
{¶ 41} A party is unable to maintain an action for fraud where the fraudulent representations were not made directly to him to induce him to act on them in matters affecting his own interests.Hahn v. Wayne County Children Services (May 9, 2001), 9th Dist. No. 00CA0029, at 4, quoting Sooy v. Ross Incineration Servs.,Inc. (Oct. 20, 1999), 9th Dist. No. 98CA007031, at 19. SeeWells v. Cook (1865), 16 Ohio St. 67, syllabus (holding that plaintiff could not maintain an action for deceit as the representations were not made to induce him to act upon them in any matter affecting his own interests).
{¶ 42} A review of the record reveals no evidence that Mr. Fox made a representation to Ms. Yates with the intent of misleading Plaintiff into relying on the representation.
{¶ 43} She admittedly was not a party to the contract and she did not sign the agreement. Furthermore, she was not the owner of the transferred real estate.
{¶ 44} Pursuant to Civ.R. 17, a civil action must be prosecuted by the real party in interest. State ex rel. Dallman v. Court ofCommon Pleas (1973), 35 Ohio St.2d 176, 178, 298 N.E.2d 515. A party will lack standing to invoke the jurisdiction of the court unless the party in an individual or representative capacity possesses some real interest in the subject matter of the action.Id. at syllabus. "An interest which warrants making a person a party is not an interest in the action merely, but some interest in the subject matter of the litigation." In re Highland HolidaySubdivision (1971), 27 Ohio App.2d 237, 240, 273 N.E.2d 903.
{¶ 45} "The real party in interest is generally considered to be that person who can discharge the claim on which suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced." Holiday Subdivision,
supra, at 240, 273 N.E.2d 903. Thus, a plaintiff cannot sue upon a contract to which the plaintiff was not a party. See, W.Clermont Edn. Assn. v. W. Clermont Bd. of Edn. (1980),67 Ohio App.2d 160, 162-163, 426 N.E.2d 512.
{¶ 46} Cross-Appellants' first assignment of error is denied.
 II.
{¶ 47} In their second assignment of error, Cross-Appellants claim that the trial court erred when it denied their motion for leave to amend the pleadings to conform with the evidence. We disagree.
{¶ 48} When the trial court granted the directed verdict on Ronata Yates' claims, Cross-Appellants moved the court for an order to conform the pleadings to the evidence and substitute her parents as plaintiffs in the action.
{¶ 49} The trial court denied said motion finding that they were not parties to said real estate contract and that no representations were made to them by Mr. Fox upon which they could have relied.
{¶ 50} As discussed above, we find that the trial court did not err in denying the motion to substitute Mr. and Mrs. Yates as plaintiffs in this case at the close of the evidence.
{¶ 51} Cross-Appellants' second assignment of error is denied.
 III.
{¶ 52} In their third assignment of error, Cross-Appellants claim that the trial court erred when it directed a verdict in favor of Champaign Homes, Inc. on David Baddour's claim for breach of warranty. We agree.
{¶ 53} Champaign Homes, Inc. was the builder of the house purchased by David Baddour. Cross-Appellant Baddour alleged a breach of implied warrant of workmanlike performance. The trial court found that Mr. Baddour purchase the home "as is" and therefore all claims as to the condition of the house, with the exceptions of those listed in the purchase agreement, were waived.
{¶ 54} It is the duty of the builder to perform his work in a workmanlike manner; that is, the work should be done as a skilled workman would do it; the law exacting from a builder ordinary care and skill only. Mitchem v. Johnson (1966),7 Ohio St.2d 66, 218 N.E.2d 594.
{¶ 55} This liability was extended to subsequent purchasers even where there was no privity of contract between the original builder and that purchaser. McMillan v. Brine-Harpenaw-TorbeckBuilders (1983), 8 Ohio St.3d 3, 455 N.E.2d 1276, syllabus.
{¶ 56} Based on the foregoing, we find that the trial court erred in dismissing Cross-Appellant David Baddour's claims for breach of duty to perform in a workmanlike manner as against Champagne Homes, Inc.
{¶ 57} Cross-Appellants' third assignment of error is sustained.
 IV.
{¶ 58} In their fourth assignment of error, Cross-Appellants claim that the trial court erred when it excluded Plaintiffs' Exhibit 24. We disagree.
{¶ 59} Plaintiffs' Exhibit 24 was a certified copy of the Real Property Conveyance Fee State of Value and Receipt from the Licking County Auditor's office. Said document indicated that Victor Edwards purchased Lot 21 from Lin-Fox Development for the sum of $25,000.00 and that he paid cash for the lot. The trial court allowed plaintiffs to use the exhibit for impeachment purposes while cross-examining Mr. Fox as to inconsistencies between his in-court testimony and the content of the conveyance fee form. The trial court, however, refused to admit the document into evidence or to allow it to be used to show that Victor Edwards paid $25,000 for the lot.
{¶ 60} The admission or exclusion of evidence rests in the sound discretion of the trial court. State v. Sage (1987),31 Ohio St.3d 173, 180, 510 N.E.2d 343. Therefore, we will not disturb a trial court's evidentiary ruling unless we find the trial court abused its discretion. "The term `abuse of discretion' connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." State v. Adams (1980), 62 Ohio St.2d 151, 157,404 N.E.2d 144.
{¶ 61} Our task then is to look at the totality of the circumstances in the particular case under appeal, and determine whether the trial court acted unreasonably, arbitrarily or unconscionably in allowing or excluding the disputed evidence.State v. Oman (Feb. 14, 2000), Stark App. No. 1999CA00027. As a general rule, all relevant evidence is admissible. Evid.R. 402. However, Evid.R. 403(A) reads: "Although relevant, evidence is not admissible if its probative value is substantially outweighed by the danger of unfair prejudice, of confusion of the issues, or of misleading the jury." As an appellate court, we will not interfere with a trial court's balancing of probativeness and prejudice "* * * unless it has clearly abused its discretion and the defendant has been materially prejudiced thereby." State v.Slagle (1992), 65 Ohio St.3d 597, 602, 605 N.E.2d 916."
{¶ 62} Upon review, we find that the trial court did not abuse its discretion in limiting the use of Exhibit 24 to impeachment only. It would seem that a more appropriate way to present evidence as to what Mr. Edwards paid for the lot would have been to present his testimony as to such events.
{¶ 63} Cross-Appellants' fourth assignment of error is denied.
{¶ 64} The judgment of the Licking County Municipal Court is hereby affirmed in part and reversed in part and remanded for proceedings consistent with this opinion.
Boggins, J., Gwin, P.J. and Edwards, J. concur.
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Licking County Court of Common Pleas, Licking County, Ohio, is affirmed in part, reversed in part and remanded. Costs assessed to Appellee.