OPINION
{¶ 1} Defendant-appellant, Frederick Brockmeier, pro se, appeals the decision of the Mason Municipal Court granting summary judgment in favor of plaintiff-appellee, Discover Bank ("Discover"). We affirm the decision of the trial court.
 {¶ 2} Discover initiated this action on August 4, 2004 against appellant in Clermont County to recover for appellant's alleged failure to pay on a Discover credit card account. Clermont County was an improper venue and the matter was transferred to Warren County, *Page 2 
Mason Municipal Court. Following discovery and a deposition of appellant, Discover moved for summary judgment. Appellant filed a motion in opposition and also filed a Civ.R. 56(F) motion for continuation of discovery for the purpose of deposing Discover's account manager, Rex Payne. On June 8, 2006, the trial court granted summary judgment in favor of Discover and entered judgment in the amount of $1,616.34 plus interest at the rate of 19.8 percent from May 31, 2004. Appellant timely appealed, raising two assignments of error.
 {¶ 3} Assignment of Error No. 1:
 {¶ 4} "THE TRIAL COURT ERRED TO THE PREJUDICE OF DEFENDANT/APPELLANT IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT."
 {¶ 5} Appellant argues in his first assignment of error that the trial court erred by granting summary judgment in favor of Discover. Specifically, he claims that Discover has failed to show that it is the real party in interest, the best evidence of the credit card charges was not presented, a genuine issue of material fact exists because appellant never admitted the charges on the account, and it was an abuse of discretion to rule on the motion for summary judgment when there was a notice for deposition pending.
 {¶ 6} This court reviews a trial court's decision granting summary judgment under a de novo standard of review. Burgess v. Tackas (1998),125 Ohio App.3d 294, 296. Summary judgment is proper when: (1 ) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can only come to a conclusion adverse to the party against whom the motion is made, construing the evidence most strongly in that party's favor. Civ.R. 56(C). See, also, Harless v. Willis Day Warehousing Co. (1978),54 Ohio St.2d 64, 66.
 REAL PARTY IN INTEREST {¶ 7} Pursuant to Civ.R. 17, a civil action must be prosecuted by the real party in *Page 3 
interest. State ex rel. Dallman v. Franklin Cty. Court of CommonPleas (1973), 35 Ohio St.2d 176, 178. The "real party in interest is generally considered to be the person who can discharge the claim on which the suit is brought * * * [or] is the party who, by substantive law, possesses the right to be enforced." In re Highland HolidaySubdivision (1971), 27 Ohio App.2d 237, 240. Unless the party has some real interest in the subject matter of the action, that party will lack standing to invoke the jurisdiction of the court. Id. In a breach of contract claim, only a party to the contract or an intended third-party beneficiary of the contract may bring an action on a contract in Ohio.Grant Thornton v. Windsor House, Inc. (1991), 57 Ohio St.3d 158, 161.
 {¶ 8} Appellant first argues that Discover failed to show that it is the real party in interest in this case. Appellant claims that the cardholder agreement was between himself and Greenwood Trust Company, not Discover. He argues that since the agreement states that the card was issued by Greenwood, rather than Discover, Discover has not provided sufficient evidence that it is the real party in interest.
 {¶ 9} Despite appellant's contentions, the record clearly shows that Discover is the real party in interest and that appellant is aware of Discover's relationship to the account. Appellant confirmed in his deposition that the account at issue in this case belonged to him:
 {¶ 10} "Q.: You acknowledged in court the other day did you not that you had this account?
 {¶ 11} "?.: Yes. I think I acknowledged in those papers that I had the account."
 {¶ 12} Additionally, appellant acknowledged in his deposition that he received monthly statements from Discover for the account:
 {¶ 13} "Q.: How did you know what to pay on the account if you weren't getting the statements? *Page 4 
 {¶ 14} "A.: Oh, I was probably getting statements; just not the ones that you provided me."
 {¶ 15} Further, appellant wrote a $1,000 check to "Discover" on February 22, 2003 as payment for the credit card account. Appellant also included the account number in the memo line of the check. There is no evidence that appellant made any payments to Greenwood Trust, who he claims is the real party in interest. On the other hand, the evidence does show that each payment was made to Discover. As a result, Discover has demonstrated that it was the party in interest and appellant was aware of that fact.
 BEST EVIDENCE RULE {¶ 16} As support for its motion for summary judgment, Discover submitted copies of each of appellant's monthly credit card statements as evidence of the amount owed by appellant. Appellant argues the statements should not have been considered by the trial court because they do not qualify as the "best evidence" of the charges made to the credit card. Rather, appellant claims the best evidence of the alleged purchases are the original charge slips signed by appellant at the time of the purchase. He argues Discover should be required to provide every charge slip to prove the amount owed.
 {¶ 17} The "best evidence rule" provides, "[t]o prove the content of a writing, recording, or photograph, the original writing, recording, or photograph is required, except as otherwise provided in these rules * * * ." Evid.R. 1002. The "best evidence rule" rests on the fact that an original writing is more reliable, complete and accurate as to its contents and meaning. United States v. Holton (C.A.D.C.1997),116 F.3d 1536, 1545. But, the original is not required, and other evidence of the contents of a writing is admissible if: 1) All originals are lost or have been destroyed, unless the proponent lost or destroyed them in bad faith; 2) The original is not obtainable; 3) The original is in possession of the opponent; or 4) The writing, *Page 5 
recording, or photograph is not closely related to a controlling issue. Evid.R. 1004. Further, summaries are allowed for voluminous evidence as follows: "The contents of voluminous writings, recordings, or photographs which cannot conveniently be examined in court may be presented in the form of a chart, summary, or calculation. The originals, or duplicates, shall be made available for examination or copying, or both, by other parties at a reasonable time and place. The court may order that they be produced in court." Evid.R. 1006.
 {¶ 18} Appellant correctly points out in his brief that the monthly statements are not admissible as summaries under Evid.R. 1006 because the original charge slips are not "available for examination or copying." In fact, the record shows that the original charge slips are unavailable because they have been destroyed pursuant to a business policy of Discover. Each monthly statement sent by Discover as well as the terms and conditions in the "Card Holder's Agreement" includes the following language:
 {¶ 19} "Billing Rights Summary. In Case of Errors or Questions About Your Bill: If you think your bill is wrong, or if you need more information about a transaction on your bill, write us on a separate sheet of paper at the billing error notice address shown on the front under the section where the APRs are displayed, as soon as possible. We must hear from you no later than 60 days after we sent you the first bill on which the error or problem appeared. You can telephone us, but doing so will not preserve your rights. In your letter, give us the following information:
 {¶ 20} " • Your name and Account Number.
 {¶ 21} " • The dollar amount of the suspected error.
 {¶ 22} " • Describe the error and explain, if you can, why you believe there is an error. If you need more information, describe the item you are unsure about.
 {¶ 23} "You do not have to pay the amount in question while we are investigating, but you are still obligated to pay the parts of the bill that are not in question. While we investigate *Page 6 
your question, we cannot report you as a delinquent or take any action to collect the amount you question."
 {¶ 24} Discover's policy requires an account holder to contact Discover within 60 days in order for the account holder to dispute a charge. Appellant was aware of this provision as it was included on the back of each statement and on the statement of the terms and conditions for the account. By failing to dispute the items on the monthly statements, appellant waived his right to request that the credit card company provide the original charge slips.
 {¶ 25} It is clear from the record that the original charge slips are not obtainable due to Discover's business policy. In addition to the provisions on each statement and in the terms and conditions, Discover informed appellant of its inability to furnish the charge slips during discovery. Discover responded to appellant's request for documents that the slips could not be supplied pursuant to the 60 day policy and appellant's failure to dispute the charges.
 {¶ 26} Because the original charge slips are unavailable, Evid.R. 1004 applies. Pursuant to Evid.R. 1004, an original writing is not required if the original has been lost, destroyed, or is not obtainable. In those cases, other evidence to prove the contents of a writing is admissible; such as the monthly billing statements in this case. There is no evidence that the monthly statements are unreliable and appellant submits no evidence that the monthly statements are incorrect other than an affidavit he submitted denying the charges. In fact, Discover provided an affidavit from its account manager stating that he is familiar with the record of appellant's account. Since the charge slips are not obtainable, the monthly summaries are admissible as the best evidence of appellant's account pursuant to Evid.R. 1004.
 {¶ 27} Appellant further argues that he never received the monthly statements because the statements submitted in this case by Discover contained the wrong address. Specifically, *Page 7 
appellant claims he received different statements than those provided by Discover during discovery because each of statements provided during discovery included appellant's current address, which he did not live at until May 2002. As a result, he claims that because he never received the statements, he was unable to dispute any charges because he did not know what charges were made to the account each month.
 {¶ 28} Appellant's argument is unpersuasive. Discover provided a valid reason for the discrepancy in the statements. Discover stated that when it receives an address change for an account, the computer system automatically changes the address on every statement printed thereafter for that account; even if past statements are reprinted. Because of the computer system, when Discover reprinted each statement from 1997 through 2004 as support for its motion for summary judgment, the statements were printed with the address of appellant that Discover had on file at the time. In addition, the terms and conditions of the agreement states, "If you change your address you must notify us of your new address within 15 days." Appellant acknowledged that he made charges on the card between 1997 and 2004, because he admitted owing money to discover. Further, as we noted above, appellant admitted receiving statements from Discover during that time period.
 {¶ 29} There is no evidence in the record to show that the statements were not accurate and did not contain the same information as the original monthly statements sent to appellant between 1997 and 2004. Appellant claims to deny all of the charges to the account in an affidavit he filed with his motion in opposition to summary judgment. But, appellant acknowledged the Discover account was his and that he made charges to the account. He further acknowledged that he received statements from Discover and he never disputed any charges from those statements. Further, Discover provided an affidavit from its account manager, Rex Payne, stating he was familiar with appellant's account and appellant is indebted to Discover in the amount of $1,616.34 plus interest. Discover provided a valid *Page 8 
reason for the discrepancy in the addresses and also presented evidence that the billing record of appellant's account was the same in the statements provided during discovery as those sent to appellant each month from 1997 through 2004.
 GENUINE ISSUE OF FACT {¶ 30} Appellant argues a genuine issue of material fact exists because he denied making the charges. Appellant cites his deposition testimony and an affidavit he submitted with his motion in opposition to summary judgment. In his deposition, appellant is questioned about each charge at issue and, in response, appellant states that he does not remember making the charges. Additionally, appellant submitted an affidavit in support of his motion in opposition to summary judgment that states, "I deny the charges stated in the Summary of Accounts. I deny the accuracy of the address listed on the Summary of Accounts. I deny the initial balance stated in a Summary of Accounts. I deny having knowledge of any agreement with the Plaintiff." Appellant claims that because he denied charges at issue in this case, a genuine issue of material fact exists.
 {¶ 31} Appellant's argument is unpersuasive. Appellant conceded in his deposition that he owed money to Discover:
 {¶ 32} "Q.: We went to court the other day and you said that you had the account and that you think you owe us something. What do you think it is?
 {¶ 33} "A.: I really don't know. I know that I never — oh, how can I say this without misleading you? I'm fairly confident that I have neverfully paid my Discover bill for any considerable period of time in thelast four or five years, and so I assume that I owe you — and other creditors too are in the same situation — something." (Emphasis added.)
 {¶ 34} Appellant admitted that he had an outstanding balance from his Discover card; he just claimed that he was unaware of the exact amount. Therefore, the only issue that *Page 9 
remains is the exact amount appellant owes.
 {¶ 35} Discover provided a copy of every monthly statement for appellant's account from October 27, 1997 through May 31, 2004. The statements included all charges and payments made by appellant to the account over that time period. Appellant presented no evidence that any charge or payment was incorrect other than his affidavit of denying of the charges. As we examined above, there is no evidence that the billing statements are unreliable. Appellant had 60 days after the receipt of each statement to dispute a charge, but never disputed any charges. Each summary included the amount of appellant's outstanding balance as well as each individual charge during the month. Regardless of whether appellant did "not remember" or denied the charges to the Discover account, Discover proved that appellant had an overdue balance on the account and proved the exact amount of that balance.
 CIV.R. 56(F) MOTION {¶ 36} Included with his motion in opposition to summary judgment, appellant filed a Civ.R. 56(F) motion for additional time to complete discovery for the purpose of deposing Discover's account manager, Rex Payne. The trial court, though, denied appellant's motion for additional time and granted Discover's motion for summary judgment. Appellant argues the trial court denied his right to obtain discovery by "peremptorily ruling" [sic] on the summary judgment motion prior to the deposition.
 {¶ 37} Civ.R. 56(F) states, "Should it appear from the affidavits of a party opposing the motion for summary judgment that the party cannot for sufficient reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just." *Page 10 
 {¶ 38} A trial court maintains the discretion to manage the discovery process. State ex rel. Daggett v. Gessaman (1973), 34 Ohio St.2d 55, paragraph one of the syllabus. Granting a continuance under Civ.R. 56(F) is within the discretion of the trial court and is not mandatory.Trimble-Weber v. Weber (1997), 119 Ohio App.3d 402, 409. As such, an appellate court will not reverse a trial court's decision regarding the discovery process absent an abuse of discretion. Id.
 {¶ 39} Following the conclusion of discovery, Discover submitted the motion for summary judgment on April 18, 2006. The trial court had before it evidence that appellant acknowledged ownership of the account, he made charges on the account, he made payments on the account, admitted that he owed money to Discover although he did not know the exact amount, and admitted receiving some billing statements between 1997 and 2004. Discover submitted copies of the monthly billing statements from 1997 through 2004. Additionally, Discover submitted an affidavit of its account manager, stating that he was familiar with appellant's account.
 {¶ 40} Appellant did not file his Civ.R. 56(F) motion until April 26, 2006; after Discover had moved for summary judgment and after the deadline for discovery. Appellant admitted the purpose for seeking the deposition was to obtain evidence from the account manager and to try to obtain the charge slips. But appellant had already been advised in earlier discovery that the charge slips were not in Discover's possession and they could not be obtained. Appellant was aware of the unavailability of the charge slips and appellant would have gained no additional information from the deposition. Accordingly, it was within the trial court's discretion to deny appellant's Civ.R. 56(F) motion and rule on the motion for summary judgment.
 {¶ 41} Based on the foregoing, there is no genuine issue of material fact and the trial court did not err by granting summary judgment in favor of Discover. Accordingly, appellant's *Page 11 
first assignment of error is overruled.
 {¶ 42} Assignment of Error No. 2:
 {¶ 43} "THE TRIAL COURT ERRED TO DEFENDANT'S PREJUDICE IN FAILING TO REQUIRE PLAINTIFF TO PRODUCE DOCUMENTARY EVIDENCE OF AUTHORIZED USE TO SUPPORT ITS SUMMARY."
 {¶ 44} Appellant argues in his second assignment of error that the trial court abused its discretion by ordering appellant to produce substantiating evidence, and not requiring Discover to provide authorizing evidence of the charges. Specifically, appellant claims the trial court did not require Discover to produce the original charge slips, but did require appellant to "provide all such evidence in his custody, which would substantiate payments."
 {¶ 45} Appellant's argument is unpersuasive. There is no evidence that the trial court did not require Discover to provide authorizing evidence of the charges. Rather, the record demonstrates that Discover submitted all evidence in its possession relating to appellant's account by providing a copy of each monthly statement from 1997 through 2004. Further, as we examined above, it is clear from the record that the original charge receipts were not obtainable.
 {¶ 46} Appellant's second assignment of error is overruled.
 {¶ 47} Judgment affirmed.
POWELL, P.J., and WALSH, J., concur.
 *Page 1